UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN ALBRIGHT, et al.
on behalf of themselves and
others similarly situated,

    Plaintiffs,

v.

ASCENSION MICHIGAN, et al.

    Defendants.

Case No. 1-22:cv-00638-JMB-SJB
Hon: Jane M. Beckering
Mag. Judge Salley J. Berens

| | |
|---|---|
| Noah S. Hurwitz (P74063)<br>Grant M. Vlahopoulos (P85633)<br>Kara F. Krause (P85487)<br>HURWITZ LAW PLLC<br>617 Detroit Street, Suite 125<br>Ann Arbor, MI 48103<br>(844) 487-9489<br>noah@hurwitzlaw.com<br>grant@hurwitzlaw.com<br>kara@hurwitzlaw.com | Maurice G. Jenkins (P33083)<br>Allan S. Rubin (P44420)<br>Elyse K. Culberson (P82132)<br>JACKSON LEWIS P.C.<br>2000 Town Center, Ste. 1650<br>Southfield, MI 48075<br>(248) 936-1900<br>maurice.jenkins@jacksonlewis.com<br>allan.rubin@jacksonlewis.com<br>elyse.culberson@jacksonlewis.com |
| James A. Thomas (P80931)<br>JIMMY THOMAS LAW<br>1925 Breton Rd SE Ste 250<br>Grand Rapids, MI 49506<br>(616) 747-1188<br>jimmy@jimmythomaslaw.com | Patricia Pryor<br>Jackson Lewis P.C.<br>201 E. Fifth Street, 26th Floor<br>Cincinnati, OH 45202<br>(513) 898-0050<br>Patricia.pryor@jacksonlewis.com |
| Attorneys for Plaintiffs | Attorneys for Defendants |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or 12(c), Defendants Ascension Michigan, Ascension Providence, Ascension Borgess Allegan Hospital, Ascension Borgess

Hospital, Ascension Borgess-Lee Hospital, Ascension Borgess-PIPP Hospital, Ascension Brighton Center for Recovery, Ascension Genesys Hospital, Ascension Macomb-Oakland Hospital, Ascension Providence Hospital, Ascension Providence Rochester Hospital, Ascension River District Hospital, Ascension St. John Hospital, Ascension St. Joseph Hospital, Ascension St. Mary's Hospital and Ascension Standish Hospital, by counsel, move to dismiss Plaintiffs' Second Amended Complaint due to failure to state a claim upon which relief can be granted. A Memorandum in Support of this Motion is attached.

                Respectfully submitted,

                JACKSON LEWIS P.C.

                By:  /s/ Allan S. Rubin
                Maurice G. Jenkins (P33083)
                Allan S. Rubin (P44420)
                Elyse K. Culberson (P82132)
                2000 Town Center, Ste. 1650
                Southfield, MI 48075
                (248) 936-1900
                maurice.jenkins@jacksonlewis.com
                allan.rubin@jacksonlewis.com
                elyse.culberson@jacksonlewis.com

                Patricia Pryor
                Jackson Lewis P.C.
                201 E. Fifth Street, 26th Floor
                Cincinnati, OH 45202
                (513) 898-0050
                patricia.pryor@jacksonlewis.com

                Attorneys for Defendants

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN ALBRIGHT, et al.
on behalf of themselves and
others similarly situated,

    Plaintiffs,

v.

ASCENSION MICHIGAN, et al.

    Defendants.

Case No. 1-22:cv-00638-JMB-SJB
Hon: Jane M. Beckering
Mag. Judge Salley J. Berens

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
617 Detroit Street, Suite 125
Ann Arbor, MI 48103
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com
kara@hurwitzlaw.com

James A. Thomas (P80931)
JIMMY THOMAS LAW
1925 Breton Rd SE Ste 250
Grand Rapids, MI 49506
(616) 747-1188
jimmy@jimmythomaslaw.com

Attorneys for Plaintiffs

Maurice G. Jenkins (P33083)
Allan S. Rubin (P44420)
Elyse K. Culberson (P82132)
JACKSON LEWIS P.C.
2000 Town Center, Ste. 1650
Southfield, MI 48075
(248) 936-1900
maurice.jenkins@jacksonlewis.com
allan.rubin@jacksonlewis.com
elyse.culberson@jacksonlewis.com

Patricia Pryor
Jackson Lewis P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
(513) 898-0050
Patricia.pryor@jacksonlewis.com

Attorneys for Defendants

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

**I.     INTRODUCTION**

Defendants ask this Court to dismiss Plaintiffs' Second Amended Complaint with

prejudice under Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 12(c). Despite its length and the number of parties Plaintiffs seek to include, Plaintiffs offer nothing beyond an "unadorned, the-defendant-unlawfully-harmed-me accusation." Further, Plaintiffs fail to state a legally cognizable claim. Thus, Plaintiffs' Second Amended Complaint should be dismissed.

II. **ARGUMENT**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Courts need not accept as true naked assertions devoid of factual enhancement. *Id.* (citing *Iqbal*, 556 U.S. at 628). A motion for judgment on the pleadings essentially constitutes a delayed motion under Rule 12(b)(6) and is evaluated under the same standard. *Holland v. FCA US LLC*, 656 F. App'x 232, 236 (6th Cir. 2016).

A. **Plaintiffs' Complaint Fails to State a Title VII Religious Accommodation Claim.**

To assert a religious accommodation claim under Title VII, Plaintiffs must first establish that they have a sincerely held religious belief that conflicted with the vaccine requirement established by Defendants and the United States Department of Health and Human Services.[1] *See*

---

[1] On November 5, 2021, the Secretary of Health & Human Services ("HHS") issued an interim final rule (which had previously been forecasted) requiring that healthcare facilities, like Defendants, ensure that their covered staff are vaccinated against COVID-19. 86 Fed. Reg. 61555 (2021).

2

*Tepper v. Potter*, 505 F.3d 508, 514 (6th Cir. 2007) (internal citations omitted) ("To establish a prima facie case, [Plaintiff] must show that '(1) he holds a sincere religious belief that conflicts with an employment requirement…'"). Plaintiffs have not identified a single religious belief that any of them sincerely held that conflicted with the vaccine requirement. Blanket conclusory statements that they had a sincerely held religious belief are not enough to survive a motion to dismiss. *See O'Connor v. Lampo Grp., LLC*, No. 3:20-cv-00628, 2021 U.S. Dist. LEXIS 188304, at *12 (M.D. Tenn. Sep. 29, 2021) ("As to the first element, Plaintiff must have plausibly alleged that she holds a sincere religious belief that conflicts with an employment requirement."). Defendants' Motion to Dismiss should be granted for this reason alone.

In addition, due to the recognized health and safety risk in the healthcare setting, courts have recognized that allowing an accommodation to a vaccine requirement creates an undue hardship as a matter of law. *See Does v. Hochul*, Case No. 21-cv-5067, 2022 U.S. Dist. LEXIS 180025, at *45 (E.D.N.Y. Sep. 30, 2022) (granting motion to dismiss finding that "exempting the plaintiffs from the vaccine requirement would expose vulnerable patients and nursing home residents, as well as other healthcare workers, to the COVID-19 virus, which is obviously a significant hardship."). Plaintiffs admit that their requested accommodation was denied due to the health and safety risks. ECF No. 35, ¶276, 2nd. Am. Compl., PageID.268.

An employer need not grant a request for a religious accommodation if it would cause an undue hardship, which has been defined by the Supreme Court as anything more than a *de minimis* cost or burden. *Small v. Memphis Light, Gas & Water*, 952 F.3d 821, 825 (6th Cir. 2020) (citing *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 84, 97 S. Ct. 2264 (1977)); *Tepper*, 505 F.3d at 514 (citing *Cooper v. Oak Rubber Co.*, 15 F.3d 1375, 1378 (6th Cir. 1994)).

3

Any increased risk in safety results in more than a *de minimis* burden. "Where, as here, the proposed accommodation threatens to compromise safety in the workplace, the employer's burden of establishing an undue burden is light indeed." *Kalsi v. New York City Transit Authority*, 62 F. Supp. 2d 745, 758 (E.D.N.Y. 1998), aff'd, 189 F.3d 461 (2d Cir. 1999). "Title VII does not require that considerations of workplace safety be subordinated to the religious beliefs of an employee." *Draper v. United States Pipe & Foundry Co.*, 527 F.2d 515, 521 (6th Cir. 1975). *See also EEOC v. Geo Grp., Inc.*, 616 F.3d 265, 273 (3d Cir. 2010) ("A religious accommodation that creates a genuine safety or security risk can undoubtedly constitute an undue hardship.").

At the time of the alleged suspensions, it was well recognized by the Center for Disease Control and Prevention ("CDC"), the Occupational Safety and Health Administration ("OSHA"), and the Centers for Medicare & Medicaid Services ("CMS") that the healthcare setting presents a risk of COVID-19 spread, infection, and death. As of October 31, 2021, CDC reported that 24.34% of reported cases had "known healthcare personnel" status. *See* CDC Data Tracker, http://web.archive.org/web/20211101171425/https://covid.cdc.gov/covid-data-tracker/#health-care-personnel. The World Health Organization estimated that, globally, between 80,000 and 180,000 health care workers died from COVID-19 between January 2020 and May 2021. *See* https://www.who.int/news/item/20-10-2021-health-and-care-worker-deaths-during-covid-19. And the CDC stated that COVID-19 vaccination is effective in reducing the risk of serious infection and death, and that vaccination reduces the risk of people spreading the virus that causes COVID-19. *See* CDC Vaccine Effectiveness, http://web.archive.org/web/20211031143721/https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html.

Because of the risk created by the COVID-19 virus in healthcare settings, OSHA issued an Emergency Temporary Standard ("ETS") directed at healthcare workplaces in June 2021. 86 Fed.

4

Reg. 32376 (2021). In accordance with the OSHA COVID-19 Healthcare ETS, unvaccinated employees were required to be removed from the workplace if they had close contact with an individual with COVID-19. *Id*., at 32454. As a result, unvaccinated employees were subject to greater quarantine requirements under the OSHA Healthcare ETS that was in effect until the end of December 2021, resulting in increased risk of staffing shortages.

Then on November 5, 2021, the Secretary of Health & Human Services ("HHS") issued an interim final rule (which had previously been forecasted) requiring that healthcare facilities, like Defendants, ensure that their covered staff are vaccinated against COVID-19. 86 Fed. Reg. 61555 (2021). As the Supreme Court recognized, this rule was issued because vaccination for the healthcare workers was "necessary for the health and safety of individuals to whom care and services are furnished." According to the Supreme Court, the Secretary of HHS found that:

- Unvaccinated staff pose a serious threat to the health and safety of patients, based on data showing that the COVID–19 virus can spread rapidly among healthcare workers and from them to patients, and that such spread is more likely when healthcare workers are unvaccinated.

- Transmission to patients who are elderly, disabled, or otherwise in poor health, is particularly dangerous.

- "Fear of exposure" to the virus "from unvaccinated health care staff can lead patients to themselves forgo seeking medically necessary care," creating a further "ris[k] to patient health and safety."

- Staffing shortages caused by COVID–19-related exposures or illness has disrupted patient care.

*Biden v. Missouri*, ___ U.S.___, 142 S. Ct. 647, 211 L. Ed. 2d 433 (2022).

Thus, Defendants' conclusion that accommodating Plaintiffs would have created more than a *de minimis* cost and burden on them, its staff and its patients is fully supported and sufficient as a matter of law to warrant dismissal of Plaintiff's claims. As is well recognized by courts, the risk of infection and death to hospital patients, staff, and visitors is well beyond a "*de minimis* cost."

5

*See Does*, 2022 U.S. Dist. LEXIS 180025, at *45 (granting motion to dismiss where "exempting the plaintiffs from the vaccine requirement would expose vulnerable patients and nursing home residents, as well as other healthcare workers, to the COVID-19 virus, which is obviously a significant hardship."); *Robinson v. Children's Hosp. Boston*, 2016 U.S. Dist. LEXIS 46024 (D. Mass. 2016) (holding that providing a vaccine exemption in a hospital setting would have imposed undue hardship because of increased risk of transmission to already vulnerable patients); *EEOC v. Mission Hosp., Inc.*, 2017 U.S. Dist. LEXIS 124183 (W.D. N.C. 2017) (noting that when hospital employees interacted with vulnerable patient populations, should patients or staff suffer from hospital borne disease, the infection would increase costs to the hospital); *Barrington v. United Airlines*, 566 F. Supp. 3d 1102, 1109 (D. Colo. 2021) (recognizing the undue hardship created by the potential risk of the unvaccinated associates exposing co-workers to heightened risk of COVID-19); *Creger v. United Launch All. LLC*, No. 5:21-cv-01508, 2021 U.S. Dist. LEXIS 228949, at *13 (N.D. Ala. Nov. 30, 2021) (denying injunctive relief based on the undue hardship posed by the added cost and administrative burden of providing weekly testing, and the risk of employee hospitalizations and deaths); *O'Hailpin v. Hawaiian Airlines, Inc.*, No. 22-00007, 2022 U.S. Dist. LEXIS 18640 (D. Haw. Feb. 2, 2022) (recognizing undue hardship from increased risk of COVID-19 that unvaccinated employees pose to other employees and passengers ).

Plaintiffs' Complaint fails to state a claim as a matter of law and must be dismissed.

### B.  Plaintiffs' Have Failed To Plead a Title VII Retaliation Claim.

Plaintiffs similarly have failed to allege a viable retaliation claim.  To establish a prima facie case of retaliation under Title VII, a plaintiff must show: (1) she engaged in a protected activity; (2) the protected activity was known by the Company; (3) the Company took an action that was materially adverse to her; and (4) a causal connection existed between the protected

6

activity and the materially adverse action. *Jones v. Vilsack*, 861 F. App'x 58, 60-61 (6th Cir. 2021) (citing *Abbott v. Crown Motor Co., Inc.*, 348 F.3d 537, 542 (6th Cir. 2003)). As for the "causal connection," the plaintiff must establish that "but for" the protected activity, the materially adverse action would not have occurred. *Maceachern v. Quicken Loans, Inc.*, No. 17-1005, 2017 U.S. App. LEXIS 20410, at *15 (6th Cir. Oct. 17, 2017) (citing *Univ. of Tex. S.W. Med. Ctr. v. Nassar*, 570 U.S. 338, 133 S. Ct. 2517, 2532-33, 186 L. Ed. 2d 503 (2013)).

Threadbare recitations of the elements of a cause of action, supported by mere conclusory statements are not enough to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Plaintiffs allege that they engaged in protected activity by requesting a religious accommodation, and that "Defendants retaliated against them by suspending them on November 12, 2021." (2nd Am. Compl., ¶¶ 310-311, ECF No. 35, PageID.273) However, Plaintiffs' Complaint lacks factual allegations that could establish a claim for retaliation.

A causal connection requires a showing that "but for" the protected activity the materially adverse action would not have occurred. *Maceachern,* 2017 U.S. App. LEXIS 20410, at *15. Plaintiffs cannot show that "but for" their requests for an accommodation they would not have been suspended. In accordance with the policy announced ***before*** Plaintiffs made any accommodation request, employees who were not vaccinated by November 12 or had not had an exemption granted would be suspended, and, if the failure to comply continued, removed from employment. (ECF No. 35, ¶¶ 226, 228, 230, 2nd Am. Compl., PageID.262-263) In accordance with this policy, Plaintiffs were suspended because they were not vaccinated, not because of any requested accommodation. Plaintiffs cannot establish but for causation because Plaintiffs would have been suspended under the policy if they remained unvaccinated, even if Plaintiffs never requested an accommodation. Causation requires proof that the unlawful retaliation would not

have occurred in the absence of the alleged wrongful action or actions of the employer. *Univ. of Tex. Southwestern. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013). There can be no causal connection when an event had been planned or intended before any protected activity. *See Reynolds v. Fed. Express Corp.*, 544 Fed. Appx. 611, 615 (6th Cir. 2013) (no causal connection where termination was contemplated before protected activity, even though not completed until after protected activity). Employers "proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001). Based on Plaintiffs' own allegations, they cannot establish a retaliation claim as a matter of law. Thus, dismissal is appropriate.

**C. Plaintiffs' Claims Under ELCRA Fail As A Matter of Law.**

Plaintiffs' claim that Defendants violated the Elliott-Larsen Civil Rights Act ("ELCRA") by failing to accommodate Plaintiffs' requests for a religious accommodation similarly fails as a matter of law. ELCRA does not require employers to accommodate an employee's religious beliefs. *Lively v. Kroger Co.*, No. 19-12961, 2021 U.S. Dist. LEXIS 38060, at *12-13 (E.D. Mich, Mar. 2, 2021) (citing *Ureche v. Home Depot U.S.A., Inc.*, No. 2:06-CV-11017, 2006 U.S. Dist. LEXIS 92948, at *4 (E.D. Mich. Dec. 26, 2006)). Thus, Plaintiffs' claim under Count III fails as a matter of law and must be dismissed. *See Ureche,* 2006 U.S. Dist. LEXIS 92948, at *10-11 ("Because Plaintiff's only claim in this action is his claim that [Defendant] violated the ELCRA by failing to accommodate his religious beliefs, Plaintiff's complaint fails as a matter of law and must be dismissed."); *Smith v. Northstar Dining Chesterfield, LLC*, No. 12-14311, 2014 U.S. Dist. LEXIS 136721, at *28-29 (E.D. Mich. Sep. 29, 2014) ("Unlike Title VII, 'the ELCRA does not include an affirmative duty to accommodate an employee's religious beliefs.' Therefore, Plaintiff's religious accommodation claim under the ELCRA fails as a matter of law and

8

Defendants' motion for summary judgment on this claim must be granted.")(internal citations omitted); *King v. Borgess Lee Mem'l Hosp.*, No. 1:13-CV-397, 2014 U.S. Dist. LEXIS 182428, at *14 (W.D. Mich. Oct. 24, 2014) ("To the extent that Plaintiff asserts the claim that the hospital was required to accommodate her religious beliefs, such claim must fail because the Elliott-Larsen Civil Rights Act does not impose on employers any duty or obligation to accommodate an employee's religious beliefs.").

Similarly, because there is no obligation to accommodate religious beliefs under ELCRA, a request for religious accommodation does not constitute protected activity under ELCRA. See *Lucia v. Ford Motor Co.*, No. 12-15135, 2014 U.S. Dist. LEXIS 29443, at *25-26 (E.D. Mich. Mar. 7, 2014) (citing *Dotson v. Norfolk Southern R.R. Co.*, 52 Fed. Appx. 655, 660 (6th Cir. 2002)) (to establish a case of retaliation "ELCRA, § 37.2701(a), specifically requires the plaintiff to demonstrate that '(1) [s]he opposed violations of the Act or participated in an activity protected by the Act and (2) his opposition or participation was a 'significant factor' in the adverse employment action."); see also *Deluca v. Old Dominion Freight Line, Inc.*, No. 2:21-cv-10637, 2022 U.S. Dist. LEXIS 17542, at *5-6 (E.D. Mich. Jan. 31, 2022) (since Plaintiff did not engage in a protected activity, his claim for retaliation under the ELCRA would not survive a motion to dismiss). Plaintiffs' claims under Counts III and IV fail as a matter of law because ELCRA does not require accommodation of religious beliefs.

Moreover, these claims would also fail for the same reasons the Title VII claims fail.

### III.  CONCLUSION

For each and every of the foregoing reasons, Defendants respectfully request this Court grant its Motion and dismiss Plaintiffs' Complaint.

9

Respectfully submitted,

JACKSON LEWIS P.C.

By: /s/ Allan S. Rubin
Maurice G. Jenkins (P33083)
Allan S. Rubin (P44420)
Elyse K. Culberson (P82132)
2000 Town Center, Ste. 1650
Southfield, MI 48075
(248) 936-1900
maurice.jenkins@jacksonlewis.com
allan.rubin@jacksonlewis.com
elyse.culberson@jacksonlewis.com

Patricia Pryor
Jackson Lewis P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
(513) 898-0050
patricia.pryor@jacksonlewis.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 17, 2022, he or his assistant did file this document using the CM/ECF system which will send notice of its filing to all counsel of record.

/s/ Allan S. Rubin
Allan S. Rubin (P44420)

4854-2049-0300, v. 1

10