# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KAREN ALBRIGHT, et al.
on behalf of themselves and
others similarly situated,

    Plaintiffs,

v.

ASCENSION MICHIGAN, et al.

    Defendants.

Case No. 1:22-cv-00638-JMB-SJB
Hon: Jane M. Beckering
Mag. Judge Salley J. Berens

---

| | |
|---|---|
| Noah S. Hurwitz (P74063)<br>Grant M. Vlahopoulos (P85633)<br>Kara F. Krause (P85487)<br>HURWITZ LAW PLLC<br>Attorneys for Plaintiffs<br>617 Detroit Street, Suite 125<br>Ann Arbor, MI 48103<br>(844) 487-9489<br>noah@hurwitzlaw.com<br>grant@hurwitzlaw.com<br>kara@hurwitzlaw.com | Maurice G. Jenkins (P33083)<br>Allan S. Rubin (P44420)<br>Elyse K. Culberson (P82132)<br>JACKSON LEWIS P.C.<br>2000 Town Center, Ste. 1650<br>Southfield, MI 48075<br>(248) 936-1900<br>maurice.jenkins@jacksonlewis.com<br>allan.rubin@jacksonlewis.com<br>elyse.culberson@jacksonlewis.com<br>Attorneys for Defendants |
| James A. Thomas (P80931)<br>JIMMY THOMAS LAW<br>Attorneys for Plaintiffs<br>1925 Breton Rd SE Ste 250<br>Grand Rapids, MI 49506<br>(616) 747-1188<br>jimmy@jimmythomaslaw.com | Patricia Pryor<br>Jackson Lewis P.C.<br>201 E. Fifth Street, 26th Floor<br>Cincinnati, OH 45202<br>(513) 898-0050<br>Patricia.pryor@jacksonlewis.com |

---

# ORDER GRANTING PRELIMINARY APPROVAL
# TO CLASS ACTION SETTLEMENT

This matter comes before the Court on the Parties' Joint Motion to Preliminarily Approve the Parties' Class Action Settlement, to Authorize Notice to the Class, and to Set a Final Fairness Hearing. The Court has reviewed the Motion and Accompanying Brief. The Court has also reviewed the record in this case and has concluded the proposed settlement is not the product of fraud or collusion. As a result, the Court has preliminarily determined that the proposed settlement meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Court being otherwise duly advised in the premise:

IT IS HEREBY ORDERED that the Settlement is Preliminarily Approved by the Court. The Court further finds and orders all the following:

1. The Court has both subject matter and personal jurisdiction over Plaintiffs, the Class Members, and Defendants.

2. To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned to them in the Settlement Agreement.

3. The Settlement Agreement dated April 24, 2023 was the result of the Parties' good-faith negotiations and was entered into by experienced counsel after extensive arm's length negotiations. The Settlement is not the product of fraud or collusion.

4. The proceedings that occurred before the parties reached a settlement gave counsel and the parties the opportunity to adequately assess this case's strengths and weaknesses and that the settlement reasonably accounts for the parties' strengths and weaknesses.

5. The Court has carefully reviewed the settlement agreement and finds that the settlement is fair, reasonable, adequate, and meets the standards for preliminary approval under Fed. R. Civ. P. 23(a) and (b). Accordingly, the Court preliminarily approves the settlement and all of its exhibits.

6. The Court preliminarily concludes:

   i. The Class is ascertainable and so numerous as to make it impracticable to join all Class Members.

   ii. There are common questions of law and fact including, but not limited to, whether Defendants complied with applicable laws affecting Plaintiffs and the other Class Members regarding religious discrimination, accommodations and retaliation.

   iii. Plaintiffs' claims are typical of the claims of the members of the Class.

   iv. Plaintiffs will fairly and adequately protect the interests of the Class, and that Class Counsel fairly and adequately protect the interests of the Class and that they should be appointed as such.

   v. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct.

   vi. With respect to the Class, questions of law and fact common to the members of the Class predominate over any questions affecting any individual member in such Class, and a class action is superior to other available means for the fair and efficient adjudication of the controversy.

7. The Court conditionally certifies, for settlement purposes only, the following Class:

   All Ascension Associates for whom all of the following apply: (a) the Associate applied for a religious exemption to the COVID-19 Vaccination Policy and has a sincerely held religious belief that conflicted with the COVID-19 Vaccination Policy; and (b) the Associate was denied the requested religious exemption, and (c) the Associate either (i) was suspended or otherwise removed from employment by Ascension in November 2021 or (ii) claims they were forced to leave their employment with Ascension before February 28, 2022, after and as a result of their denied religious exemption to the COVID 19-Vaccination Policy.

Excluded from this Class are all persons who elect to exclude themselves from the Class by filing a timely Exclusion Form with the Claims Administrator or any person who does not meet the class definition above.

8. Plaintiffs may file the Third Amended Complaint attached as **Exhibit E** to the Settlement Agreement.

9. The Court hereby approves and conditionally appoints the following Plaintiffs as Class Representatives: Lynn Morrison, Laurie O'Meara, Jennifer Seals, and Dr. Thomas Howard. The Court finds that the Class Representatives will fairly and adequately protect and represent the interests of all members of the Class and the interests of the Class Representatives are not antagonistic to those of the Class. The Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

10. The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Class and hereby conditionally appoints as Class Counsel the following: Noah S. Hurwitz, Grant M. Vlahopoulos, and Kara F. Krause of Hurwitz Law PLLC and James A. Thomas of Jimmy Thomas Law.

11. The Court has reviewed and finds that the content of the proposed Class Notice attached as Exhibit A to the Settlement Agreement, which shall be mailed to Class Members by the Claims Administrator along with the Claim and Exclusion Forms, and which, along with the Settlement Agreement and its exhibits, the Motion For Preliminary Approval, the Claim Form, and the Exclusion Form, will be available to Class Members on the Claims Administrator's Website, satisfies the requirements of due process, and conforms with the requirements of Fed R. Civ. P. 23(c)(2), Fed R. Civ. P. 23(e)(1) and accordingly approves the Notice and Claim Form.

12. The Court further approves the proposed methods for giving notice of the Settlement to members of the Class, as reflected in the Settlement Agreement. The Court has reviewed the plan for distributing Notice to the Class ("Notice Plan") and finds that Class Members will receive the best notice practicable under the circumstances. The Court specifically approves

the Parties' proposal that on an agreed upon date with the Settlement Claims Administrator, but in no event more than 45 days after entry of the Preliminary Approval Order, the Settlement Claims Administrator shall cause the Class Notice, along with the Claim and Exclusion Forms to be mailed, by first class mail, to the current or last known address of all reasonably identifiable Class Members. The Court also specifically approves the procedures set forth in the Settlement Agreement for identifying Class Members and notifying Class Members whose initial mailings are returned undeliverable. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2) and Fed. R. Civ. P. 23(e)(1) and Due Process.

13. The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2), a Fairness Hearing will be held on October 5, 2023 to consider final approval of the Settlement (the "Fairness Hearing") including, but not limited to, the following issues: (1) to determine whether to grant final approval to (a) the certification of the Class, (b) the designation of Plaintiffs as representatives of the Class, (c) the designation of Class Counsel as counsel for the Class, and (d) the settlement; (2) to rule on Class Counsel's request for an award of attorneys' fees and reimbursement of costs and (3) to consider whether to enter the Final Approval Order. The Fairness Hearing may be adjourned by the Court and the Court may address matters set out above, including final approval of the Settlement, without further notice to the Class other than notice that may be posted at the Court and on the Court's and Settlement Claims Administrator's websites.

14. The Court directs that no later than fourteen (14) days prior to the Final Fairness Hearing, Class Counsel shall file all memoranda, including affidavits, declarations, and other evidence in support of the request for final approval of the Settlement; Class Counsels' request for approval of attorneys' fees, costs, and reimbursement of expenses. The Court further directs that

no later than seven (7) days prior to the Final Fairness Hearing, Class Counsel shall file any supplemental memoranda addressing any objections and/or opt-outs.

15. Persons wishing to object to the proposed Settlement and/or be heard at the Fairness hearing shall follow the following procedure: (a) To object, a member of the Class, individually or through counsel, must file a written objection with the Court, and (b) must serve a copy of the objections on Class Counsel and Defendants Counsel no later than 75 days after the date that Class Notice was mailed. No objector may exclude themselves from the settlement and any person who files an objection must agree to be bound by the settlement if finally approved.

16. Any objection must contain the following information about the Class Member: (i) name; (ii) current address; (iii) telephone number; (iv) dates of employment and location worked; (v) last 4-digits of his or her social security number; (vi) identify whether the objection applies to the individual Objector, a subset of the Class or to the Class as a whole; and (vii) state the basis of the objection with specificity.

17. Subject to the approval of the Court, any objecting Class Member may appear, personally or by counsel, at the final fairness hearing to explain why the proposed settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses. Any Class Member who does not provide a notice of intention to appear at the hearing in accordance with the deadlines and other specifications set forth in the Settlement Agreement and Class Notice, or who has not filed an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Class Notice, may be deemed to have waived any objections to the settlement and any adjudication or review of the Settlement, by appeal or otherwise.

18. Any Class Member who does not make his or her objection in the manner provided herein shall be deemed to have waived his or her right to object to any aspect of the proposed Settlement and/or Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses. Such Class Member shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, or the requested attorneys' fees and litigation expenses, and otherwise from being heard concerning the Settlement, or the attorneys' fees and expenses request in this or any other proceeding.

19. All Class members shall have the right to opt out of the Class at any time during the opt-out period. The opt-out period shall run for 75 days from the Notice Date. Any Class Member who elects to opt out of the Class (i) shall not be bound by any orders or judgments entered in this Action; (ii) shall not be entitled to relief under, or be affected by, the Settlement Agreement; (iii) shall not gain any rights by virtue of this Settlement Agreement; and (iv) shall not be entitled to object to any aspect of this Settlement Agreement. Any Class Member who wishes to opt out of the Class may do so by submitting an Exclusion Form to the Settlement Claims Administrator as provided in the Notice. To be effective, the Exclusion Form must be sent via first-class U.S. mail to the specified address, emailed, or uploaded to the Claims Administrator's Website in the form attached as Exhibit D to the Settlement Agreement. The Claims Administrator shall tabulate communications from Class Members asking to be excluded from the Class and shall report the names and addresses of such persons to the Court, Class Counsel, and Defense Counsel no less than seven (7) days before the Fairness Hearing.

20. Any member of the Class failing to properly and timely submit the Exclusion Form shall be automatically included in the Class and shall be bound by all terms and provisions of the

Settlement Agreement and the Settlement, including but not limited to the release, and the Final Order and Judgment.

21. Upon Final Approval of the Settlement, all Class Members who do not timely and properly opt out of the Settlement by submitting the Exclusion Form shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted, and discharged the Released Parties from all Released Claims as set forth in the Settlement Agreement, and the Action will be deemed dismissed with prejudice.

22. If the Settlement Agreement is not finally approved, this Preliminary Approval Order shall be rendered null and shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement. If the Settlement Agreement is not finally approved, the Defendants and any other Released Parties shall have retained any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). This action shall thereupon revert immediately to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed. In addition, the Third Amended Complaint shall be dismissed and deemed void ab initio.

23. The Court shall retain continuing jurisdiction over the Action, the Parties and the Class, and the administration, enforcement, and interpretation of the Settlement. Any unresolved disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court, provided however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights as described above.

24. Pending final determination of the joint application for approval of this Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed and all Class Members who do not validly request exclusion from the Class shall be enjoined from commencing, continuing, or prosecuting any action, suit, proceeding, claim, or cause of action in any court or before any tribunal based on any of the claims at issue in this matter.

IT IS SO ORDERED.

Dated:   April 26, 2023              /s/ Jane M. Beckering
                                     United States District Court Judge