# Ex. 1

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KAREN ALBRIGHT, et al,
on behalf of themselves and others
similarly situated,

        Plaintiffs,

v.

ASCENSION MICHIGAN, et al,

        Defendants.

Case No. 1-22-cv-00638-JMB-SJB

Hon. Jane M. Beckering

**CLASS ACTION**

| | |
|---|---|
| Noah S. Hurwitz (P74063)<br>Grant M. Vlahopoulos (P85633)<br>Kara F. Krause (P85487)<br>Brendan J. Childress (P85638)<br>HURWITZ LAW PLLC<br>*Attorneys for Plaintiffs*<br>340 Beakes St., Ste. 125<br>Ann Arbor, MI 48104<br>(844) 487-9489<br>Noah@hurwitzlaw.com<br>Grant@hurwitzlaw.com<br>Kara@hurwitzlaw.com<br>Brendan@hurwitzlaw.com<br><br>James A. Thomas (P80931)<br>JIMMY THOMAS LAW<br>Attorneys for Plaintiffs<br>1925 Breton Rd. SE, Ste. 250<br>Grand Rapids, MI 49506<br>(616) 747-1188<br>jimmy@jimmythomaslaw.com | Maurice G. Jenkins (P33083)<br>Allan S. Rubin (P44420)<br>Elyse K. Culberson (P82132)<br>JACKSON LEWIS P.C.<br>2000 Town Center, Ste. 1650<br>Southfield, MI 48075<br>(248) 936-1900<br>Maurice.jenkins@jacksonlewis.com<br>Allan.rubn@jacksonlewis.com<br>Elyse.culberson@jacksonlewis.com<br>Attorneys for Defendants<br><br>Patricia Pryor<br>JACKSON LEWIS P.C.<br>201 E. Fifth Street, 26th Floor<br>Cincinnati, OH 45202<br>(513) 898-0050<br>Patricia.pryor@jacksonlewis.com |

## DECLARATION OF NOAH S. HURWITZ

    1.    I am the Owner of Hurwitz Law, PLLC.

2. Prior to managing Hurwitz Law PLLC, which exclusively operates in the employment law space, I was a Member of the Labor and Employment Group at Dykema Gossett PLLC and Senior Counsel for Employment Law at a Fortune 500 company.

3. Based on a review of federal court dockets through Courthouse News Service, it is my understanding that Hurwitz Law PLLC represents more employees denied religious accommodations than any other law firm in the country.

4. Hurwitz Law PLLC has filed over 250 federal court actions in six federal district courts in an effort to protect employee religious accommodation requests.

5. Hurwitz Law PLLC and Jimmy Thomas Law combined resources to serve the needs of over 400 putative class members and named Plaintiffs in Michigan and never failed to meet any prelitigation or litigation deadlines or requirements.

### Efforts of Class Counsel to Prosecute the Settlement

6. In November 2021, Jimmy Thomas Law was inundated with desperate communications from putative class members fearing that they would be terminated due to Defendants denying them a religious accommodation to be exempt from the COVID-19 vaccine.

7. In January 2021, Hurwitz Law PLLC and Jimmy Thomas Law began the process of assisting hundreds of putative class members to file charges of discrimination with the Equal Employment Opportunity Commission.

8. Hurwitz Law PLLC and Jimmy Thomas Law eventually would represent over 200 clients, with over 90 clients receiving a right to sue letter from the Equal Employment Opportunity Commission and becoming named plaintiffs in the Third Amended Complaint (ECF No. 65) that contains 315 paragraphs.

9. Hurwitz Law PLLC hired five law clerks and four additional attorneys to meet the demands of this class action lawsuit and conferred weekly with Jimmy Thomas Law on the litigation.

10. Prior to the Proposed Settlement, Hurwitz Law PLLC communicated with Plaintiffs for over 12 months, researched religious accommodation law, tracked religious accommodation litigation throughout the country, presented on religious accommodation law to large groups of interested persons, propounded discovery requests, and responded to Defendants' dispositive motions.

11. There was no fraud or collusion between Hurwitz Law PLLC and Defendants' counsel in negotiating the instant settlement agreement. Rather, Hurwitz Law PLLC engaged with Defendants' counsel in a contentious January 13, 2023, settlement conference before the Honorable Sally J. Berens that ended in an impasse. The parties only agreed to the terms of the Agreement when Defendants later agreed to the final settlement offer that Hurwitz Law PLLC presented at the settlement conference—five weeks' pay for all eligible suspended employees. When Defendants eventually accepted the final settlement offered by Hurwitz Law PLLC at the settlement conference, it was without any additional settlement communications between the parties.

12. During the Notice Period, Hurwitz Law PLLC fielded questions from an estimated 1000 putative class members, responded to copious motions and legal challenges from foreign counsel attempting to derail the class action settlement, and communicated extensively with the Settlement Administrator to ensure that all putative class members had been notified of the settlement and received a fair opportunity to be included or excluded from the settlement.

13. I can attest that every putative class member who contacted Hurwitz Law PLLC was apprised of their rights in this lawsuit in a neutral manner.

14. Hurwitz Law PLLC also advocated for putative class members by requesting that notification be sent to hundreds of putative class members who were confused that the notice they received was a "scam" or duplicative of a wage and hour class action settlement that many putative class members had received earlier in the year.

15. Hurwitz Law PLLC fashioned the settlement in such a way that employees in any state who sought to exclude themselves from settlement and reserve the right to separately prosecute their claims had the right to do so.

## Final Class Member Inclusions

16. As of September 19, 2023, only nine class members have objected to the settlement, and eight of those objected at the behest of Kroger, Gardis, & Regas, LLP, an Indiana law firm that solicited putative class members.

17. The majority of putative class members opted into the settlement.

18. Defendants produced a list of 4,576 current and former employees who were denied religious accommodation in November 2021.

19. However, of those 4,576 it is estimated that less than 3000 were actually suspended by Defendants and missed work.

20. The reason that an estimated 33% of employees denied religious accommodation were not suspended is because a number of employees chose to get vaccinated before any suspension occurred.

21. Another reason that an estimated 33% of employees denied religious accommodation were not suspended is because Defendants' respective health systems in various

4

states such as Alabama, Florida, Oklahoma and Texas were either politically, legally, or judicially precluded from suspending employees who requested religious accommodation.

22. For example, on November 12, 2021, the Oklahoma Attorney General filed a lawsuit in Tulsa, Oklahoma to prevent Ascension Healthcare from taking adverse action against employees who were denied a religious accommodation.

23. Putative class members from around the country contacted Hurwitz Law PLLC to report that they were not actually suspended from work and therefore were not eligible for the proposed settlement.

24. Of the estimated 3,000 eligible putative class members, the Settlement Administrator has indicated that 2,703 putative class members opted into the settlement, which is an astoundingly supportive 90.1% of the estimated putative class members.

25. Throughout the Notice Period, putative class members contacted Hurwitz Law PLLC to voice support for the settlement.

26. During the Notice Period, I learned that the majority of putative class members did not know of the administrative requirement to file a charge of discrimination with the Equal Employment Opportunity Commission in order to eventually prosecute a Title VII claim.

27. If this lawsuit is not approved, it is likely that the majority of putative class members will be unable to prosecute a Title VII claim for having failed to exhaust their administrative remedies.

28. 100 putative class members voluntarily submitted an affidavit attesting that they did not file a charge of discrimination with the Equal Employment Opportunity Commission and thus may not be able to prosecute a Title VII claim if settlement is not approved.

29. Of the 4,576 eligible putative class members, only 281, or less than 7%, excluded themselves from the settlement.

I, <u>Noah Hurwitz</u>, declare under penalty of perjury that the foregoing is true and correct.

Dated: <u>September 21, 2023</u>

_____
Noah Sklar Hurwitz (P74063)

Subscribed and sworn to before me on <u>September 21st</u>, 2023

_____
Notary Public

<u>Luis Escudero-Flores</u>
**Printed Name**

LUIS ESCUDERO-FLORES
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WASHTENAW
My Commission Expires 10/23/2026
Acting in the County of <u>Washtenaw</u>

6