UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN ALBRIGHT, et al.,

    Plaintiffs,

v.

ASCENSION MICHIGAN, et al.,

    Defendants.
_____/

Case No. 1:22-cv-638

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this putative class action is Plaintiffs' July 6, 2023 "Motion for Protective Order and Motion to Hold Kroger, Gardis, & Regas, LLP in Contempt for Violating the June 13, 2023 Memorandum Opinion and Order (ECF No. 77)" (ECF No. 80). Defendants filed a Response in support of Plaintiffs' Motion (ECF No. 87). Kroger, Gardis, & Regas, LLP ("KGR") filed a "Motion for Leave to File [an] Attached Combined Response of 8,600 Words in Opposition of Plaintiffs' Motion for Protective Order and Ascension's Response in Support of Protective Order" (ECF No. 90). For the reasons that follow, the Court grants KGR's Motion but denies Plaintiffs' Motion.

### I. BACKGROUND

Plaintiffs initiated this action on July 12, 2022 (ECF No. 1). Approximately one year later, on April 24, 2023, the parties filed a Joint Motion for Preliminary Approval of a Rule 23 Class Action Settlement (ECF No. 60). On April 26, 2023, this Court issued an Order Granting Preliminary Approval of the Class Action Settlement, conditionally certifying the Class, approving and conditionally approving the Class Representatives, approving and conditionally appointing

Class Counsel, approving the Notice and Claim Form, approving the methods for giving notice of the Settlement to members of the Class, and scheduling a Fairness Hearing (ECF No. 63). As part of the Court's preliminary approval, the Court ordered that, pending final determination of the settlement agreement, all class members who do not validly request exclusion from the Class "shall be enjoined from commencing, continuing, or prosecuting any action, suit, proceeding, claim, or cause of action in any court or before any tribunal based on any of the claims at issue in this matter" (*id*, PageID.582). The Fairness Hearing is noticed for October 5, 2023 (ECF No. 64).

On June 2, 2023, Paul Halczenko filed a "Motion to Intervene as Plaintiff" (ECF No. 67), and an "Emergency Motion to Set Aside or Stay [the] Court's April 26, 2023, Preliminary Order Approving Nationwide Class Settlement and to Transfer Venue Pursuant to 28 U.S.C. § 1404" (ECF No. 68). This Court denied both of Halczenko's Motions on June 13, 2023 (ECF No. 77). In response to the Court's denials, KGR, as representatives for Halczenko in the case pending in the United States District Court for the Southern District of Indiana, *Halczenko et al. v. Ascension Health, Inc., et al.*, 1:21-cv-02816-JPH-MG (S.D. Ind.) (the "*Halczenko* case"), issued subpoenas to Plaintiffs' and Defendants' counsel regarding their communications about the instant case or settlement offers and counteroffers.

On July 6, 2023, Plaintiffs filed the Motion at bar, seeking (1) that the Court quash the subpoenas issued to Plaintiffs' counsel and (2) that the Court order Attorney William Bock of KGR to show cause why his actions are not sanctionable. Plaintiffs argue that KGR improperly issued subpoenas to Plaintiffs' counsel and engaged in unethical solicitation of putative class members who KGR did not represent. Defendants filed a response in support of Plaintiffs' motion (ECF No. 87), similarly arguing that the subpoenas were improperly issued and that Plaintiffs' Motion for Contempt Against KGR is merited because "[i]t is clear that [KGR's] sole purpose . .

2

. is to disrupt the timely administration of the class settlement proceedings in this matter in whatever way possible[.]" (*id.* at PageID.1031).

## II. ANALYSIS

### A. Protective Order

In support of their request for a Protective Order, Plaintiffs first argue that KGR violated this Court's Preliminary Approval Order (ECF No. 63) both by issuing a subpoena to Plaintiffs' counsel regarding "Communications about the Albright case or settlement offers and counteroffers between Jackson Lewis and Albright Case Representatives" and by subpoenaing documents from Hurwitz Law PLLC through the United States District Court for the Southern District of Indiana in the *Halczenko* case (ECF No. 80 at PageID.964). Plaintiffs further argue that the subpoenas should be quashed under Federal Rule of Civil Procedure 45(d)(3)(A) because they subject Plaintiffs' counsel to an "undue burden" (*id.* at PageID.965–966). Defendants agree, adding that the subpoenas "are a transparent continuation of Halczenko's attempt to disrupt the administration of this class action settlement" (ECF No. 87 at PageID.1027), and that the subpoenas violate Federal Rule of Civil Procedure 45(d)(3)(iii)(A)(iii) because they improperly seek privileged and confidential information (*id.* at PageID.1028).

KGR argues in response that KGR acted consistently with this Court's orders, that the Court's anti-suit injunction is unenforceable, and that the Motion to quash is not properly before this Court (ECF No. 90-1 at PageID.1078–1080).

Rule 45 governs subpoenas and allows a district court to quash a subpoena within its sound discretion. *See Thomas v. City of Cleveland*, 57 F. App'x 652, 654 (6th Cir.2003). Rule 45 vests the issuing court with the power to quash or modify a subpoena. Rule 45 explicitly provides that motions to quash or modify subpoenas must be brought in "the district where compliance is

3

required[.]" *Little Traverse Bay Bands of Odawa Indians v. Snyder*, No. 1:15-CV-00850-PLM-PJG, 2018 WL 7958929, at *1 (W.D. Mich. Apr. 23, 2018) (quoting FED. R. CIV. P. 45(d)(3)(A)). The Court of Appeals for the Sixth Circuit has echoed Rule 45(d)(3)(A)'s proclamation that "the power to quash or modify the subpoena . . . resides with the issuing court." *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 444 F.3d 462, 468 (6th Cir. 2006).

In this case, the subpoenas were issued by the United States District Court for the Southern District of Indiana. The power to quash or modify the subpoenas lies in the issuing court, not in this Court. Therefore, Plaintiffs' Motion for Protective Order to quash subpoenas issued by KGR is denied.

### B. Order to Show Cause

Next, Plaintiffs argue that this Court should require KGR to "show cause why it should not be held in contempt of court" because KGR solicited putative class members in violation of this Court's Preliminary Approval Order and under state ethics laws (ECF No. 80 at PageID.968). Plaintiffs' contempt argument focuses on Facebook posts—by a *Halczenko* case KGR client, Erika Fowler—that Plaintiffs claim were posted on behalf of KGR Attorney William Bock (*id.* at PageID.965). The Facebook posts suggested the possibility of a "higher settlement" for plaintiffs in the "Michigan case nationwide class action settlement against Ascension" who filed an objection, and warned that for plaintiffs in Indiana, the "Michigan settlement" is "NOT worth taking!" (ECF Nos. 80-4, 80-5). Defendants add that KGR has "demonstrated a complete disregard for this Court's order regarding the administration of this settlement" and that KGR's "continued attempt to thwart the settlement wishes of others, and mislead and confuse other putative class members is unconscionable" (ECF No. 87 at PageID.1031–32).

4

KGR argues that KGR's communications with an existing client violated neither this Court's Order nor any ethical rules and that the case-law relied upon by Plaintiffs and Defendants is readily distinguishable (ECF No. 90-1 at PageID.1088–1094).

The Court will address the three bases on which Plaintiffs and Defendants argue that this Court should require KGR to show cause in turn:  (1) that KGR violated this Court's Preliminary Approval Order; (2) that KGR violated Michigan's and Indiana's Rules of Professional Conduct; and (3) that *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 353 (6th Cir. 2009) is controlling precedent mandating sanctions against KGR (ECF No. 80 at PageID.968–969; ECF No. 87 at PageID.1027–1031).

Holding a party in contempt is a matter within a district court's discretion, but the movant must produce clear and convincing evidence that the party "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order."  *Elec. Workers Pension Trust Fund of Local Union No. 58, IBEW v. Gary's Elec. Service Co.*, 340 F.3d 373, 379 (6th Cir. 2003); *In re Mod. Plastics Corp.*, 577 B.R. 690, 709 (W.D. Mich. 2017), *aff'd sub nom. In re: Mod. Plastics Corp.*, 890 F.3d 244 (6th Cir. 2018).  The evidence must be clear and unambiguous, and any ambiguities must be resolved in favor of the party charged with contempt.  *M & C Corp. v. Erwin Behr GmbH & Co.*, 289 F.App'x 927, 935–36 (6th Cir. 2008).

Here, the parties' reliance on the Facebook posts does not constitute evidence showing that KGR violated "a definite and specific order of the court."  The Court's Preliminary Approval Order enjoined "all Class Members who do not validly request exclusion from the Class" from "commencing, continuing, or prosecuting any action, suit, proceeding, claim or cause of action in any court or before any tribunal based on any claims at issue in this matter" (ECF No. 63 at

5

PageID.582). The parties' speculation that the Facebook messages were posted at KGR's direction, without more, does not overcome the fact that a client, not KGR, published the Facebook posts at issue, and the posts do not fall within the ambit of acts prohibited by the Preliminary Approval Order. Moreover, even assuming that the Facebook posts did encourage absent class members to opt-out, those posts do not constitute commencing, continuing, or prosecuting any action based on the claims at issue here.

Plaintiffs also argue that the Facebook posts violate Michigan's and Indiana's Rules of Professional Conduct (MRCP 7.3 and IRCP 7.3)[1] (ECF No. 80 at PageID.969). Plaintiffs do not provide any evidence—let alone clear and unambiguous evidence—that KGR has violated the Michigan or Indiana Rules of Professional Conduct. Plaintiffs reference the Rules but provide no analysis as to how KGR's conduct violates those rules, rendering wholly conclusory allegations against KGR.

Finally, Plaintiffs rely on *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 353 (6th Cir. 2009) as a legal basis for their contempt Motion; however, *Moulton* concerned an attorney who sent a letter directly to absent class members urging them to exclude themselves from the class. *Id.* at 347. Here, a client, rather than an attorney, issued the contested communication. Moreover, in *Moulton*, the Sixth Circuit affirmed the "broad discretion" that Rule 23 gives district courts in handling class actions and "authorizing 'orders that . . . impose conditions on the representative parties or on intervenors.'" *Id.* at 353 (quoting FED. R. CIV. P. 23(d)(1)(C)). In its discretion, this Court denies Plaintiffs' request for an order to show cause why KGR should not be held in contempt of court.

---

[1] Pursuant to MRCP 7.3 and IRCP 7.3, a lawyer may not solicit professional employment when a significant motive for the lawyer's doing so is the lawyer's or law firm's pecuniary gain.

Accordingly:

**IT IS HEREBY ORDERED** that KGR's Motion for leave to file a combined response brief in excess of the word count (ECF No. 90) is GRANTED and the attached proposed Response (ECF No. 90-1) is accepted for filing.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Protective Order and Motion to Hold Kroger, Gardis, & Regas, LLP in Contempt for Violating the June 13, 2023 Memorandum Opinion and Order (ECF No. 80) is DENIED.


Dated:  October 2, 2023                                 /s/ Jane M. Beckering
                                                                          JANE M. BECKERING
                                                                          United States District Judge