# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SCOTTIE ADAMS, KAREN ALBRIGHT,
LISA ALLEN, SARAH ANDREWS,
MELISSA ARAI, MARY AUDIA-VALLIER,          Case No. 1-22-cv-00638-JMB-SJB
WAYNE BEACHY,KENYA BENWARD,
TIFFANY BERAN, MACKENZIE BETTS,            Hon: Jane M. Beckering
AUSTIN BOYES, LISA BRANNON,
MARC BRANNON, AMANDA BROWN,
KIRK BROWN, LORI BRYANT, STACEY BUC,
KAREN BUCHANAN, LUKE BUECHE,
HANIFAH BURCH, GRETCHEN CABRAL,
NANCY CALLOW, PORSCHE CARSON,
DAZHIA CHAVEZ, LATOYA CHESIL,
MICHAEL CORMIER, MARY CORNISH,
ELIZABETH COUTURIER, TABATHA CRONANDER,
OLIVIA DAIS, TERESA DEMERELL, JACKIE DEWAAL,
DAVID EDWARDS, TRACY EMORY, LINDA ENNIS,
CHELSEA FORREST, DEBORAH FRY, TONIA FULTS,
GISELLA GAMICCHIA, LORI GERBER,
MOLLY GORNIEWICZ, RANDALL GOSH,
MICHELLE HAMILTON, KAYLYNN HART,
CHRISTINE HASKIN, CONAN RICK HAUCK,
KATHLEEN HAWLEY, EMMA HICKEY,
THOMAS HOWARD, MARY HRECHO,
BREANNE HUNTER, CHRISTY HUPMAN,
MAUREEN HUSTED, MICHELE IGRAM,
ROSE IRISH, ROSEMARY JONES,
STACI KANISZEWSKI, BARBARA KEHOE,
MARJALIZE KIRSTEN, JARED KOPYDLOWSKI,
TAMMY KRAUSE, CHERIE LACKOWSKI,
BETTY LAWRIE, JENNA LEGGET,
LEAH LEJA, MARY LEMERISE,
HEATHER LIPKOWITZ, HERMAN D. LOCUST,
ANDREW MAHNKEH, AMANDA MARSHALL,
MORIAH MEE-LIN MARTIN, JILLIAN MARTINEZ,
STEVEN MATHEWS, CINDY MCMURPHY,
KIMBERLY MCNEIL, VIRGINIA MEYERS,
KRISTEN MEASEL-MILLER, SHANDA MIDDLETON,
JENNIFER MONTGOMERY, RACHEL MOORE,
WENDY MORRE, LYNN MORRISON, LUKE MYERS,
GRETA NATZEL, CHERRIE NEES,
ANNA NEUNER, KATHLEEN NUGENT,
LAURIE O'MEARA, SCOTT OBERTEIN,

TRACEY OLLDASHI, RENEE OSTRANDER,
MICHELLE OWEN, CAROLE PALAZZOLO,
BRITA PIETIILA, BEVERLY POST, JULIE POTERACKI,
PAWEL PULAWSKI, CODY REED, SARAH REED,
MICHELLE ROSSIE, KAITLYN RUSSCHER,
DONA RUTHERFORD, NANCY RUONAVAARA-INGRAM,
LINDSAY RYAN, PETER SAGMOE,
JENNIFER SEALS, ALLORE SHARP,
THERESA SHAW, ADRIENNE SILVESTRI,
DAWN SPENCER, SARAH LYN SPENCER,
LUCY STICH, SUE STORY,
GABRIELLE ANN STAUTZENBERGER
ANDREA STROBEL, MARIA SYJUD,
DOROTHY THOMPSON, EMMY TUTTLE,
ROBERT TWOREK, KIMBERLY TYLENDA,
KYLE USELDING, SANDRA VANDER LUGT,
DONNETTE VANDERMEER, CAMERON VANDER STEL,
SANTANA VERMEESCH, SCOTT WALKER,
LAURA WALTZ, AMY WEBB, ZABRINA WILALOBOS,
LISA WILCZAK, BENJAMIN WHILHITE,
CHRISTOPHER WILSON, LEAH WILSON,
CARLETTE D. WOODS, CINDIA WONG, DANIEL YODER,
CHERYL ZABARONI, SARAH ZUZIAK,
On behalf of themselves and others similarly situated,

      Plaintiffs,

v.

ASCENSION MICHIGAN, ASCENSION HEALTH ALLIANCE,
ST. VINCENT'S HEALTH SYSTEM,
PROVIDENCE HOSPITAL, ST. VINCENT'S
HEALTH SYSTEM, INC., ST. VINCENT HEALTH, INC,
ASCENSION VIA CHRISTI HEALTH, INC.,
ST. AGNES HEALTHCARE, INC.,
OUR LADY OF LOURDES MEMORIAL HOSPITAL, INC.,
ST. JOHN HEALTH SYSTEM, INC., SAINT THOMAS HEALTH,
ASCENSION TEXAS, COLUMBIA ST. MARY'S, INC,
MINISTRY HEALTH CARE, INC.,
WHEATON FRANCISCAN HEALTH CARE –SOUTHEAST WISCONSIN, INC,

AUTOMATED BENEFIT SERVICES, INC,
ASCENSION CARE MANAGEMENT, LLC, ASCENSION HEALTH-IS, INC.,
MEDXCEL FACILITIES MANAGEMENT, LLC,
ASCENSION HEALTH MINISTRY SERVICE CENTER, LLC,
ASCENSION MEDICAL GROUP, LLC,
ASCENSION HEALTH RESOURCE AND SUPPLY MANAGEMENT GROUP, LLC d/b/a

THE RESOURCE GROUP,
ASCENSION HEALTH SENIOR CARE d/b/a ASCENSION LIVING,
ASCENSION CONNECT, LLC, ASCENSION PROVIDENCE,
ASCENSION BORGESS ALLEGAN HOSPITAL,
ASCENSION BORGESS HOSPITAL, ASCENSION
BORGESS-LEE HOSPITAL, ASCENSION BORGESS-PIPP
HOSPITAL, ASCENSION BRIGHTON CENTER FOR
RECOVERY, ASCENSION GENESYS HOSPITAL,
ASCENSION MACOMB-OAKLAND HOSPITAL,
ASCENSION PROVIDENCE HOSPITAL,
ASCENSION PROVIDENCE ROCHESTER HOSPITAL,
ASCENSION RIVER DISTRICT HOSPITAL,
ASCENSION ST. JOHN HOSPITAL,
ASCENSION ST. JOSEPH HOSPITAL,
ASCENSION ST. MARY'S HOSPITAL, and
ASCENSION STANDISH HOSPITAL
including all subsidiaries and affiliates, of each named entity.

    Defendants.[1]

| | |
|---|---|
| Noah S. Hurwitz (P74063) | Maurice G. Jenkins (P33083) |
| Grant M. Vlahopoulos (P85633) | Allan S. Rubin (P44420) |
| Kara F. Krause (P85487) | Elyse K. Culberson (P82132) |
| Brendan J. Childres (P85638) | JACKSON LEWIS P.C. |
| HURWITZ LAW PLLC | 2000 Town Center, Ste. 1650 |
| Attorneys for Plaintiffs | Southfield, MI 48075 |
| 340 Beakes St., Suite 125 | (248) 936-1900 |
| Ann Arbor, MI 48103 | maurice.jenkins@jacksonlewis.com |
| (844) 487-9489 | allan.rubin@jacksonlewis.com |
| noah@hurwitzlaw.com | elyse.culberson@jacksonlewis.com |
| grant@hurwitzlaw.com | Attorneys for Defendants |
| kara@hurwitzlaw.com | |
| brendan@hurwitzlaw.com | Patricia Pryor |
| | Jackson Lewis P.C. |
| James A. Thomas (P80931) | 201 E. Fifth Street, 26th Floor |
| JIMMY THOMAS LAW | Cincinnati, OH 45202 |
| Attorneys for Plaintiffs | (513) 898-0050 |
| 1925 Breton Rd SE Ste 250 | Patricia.pryor@jacksonlewis.com |
| Grand Rapids, MI 49506 | |
| (616) 747-1188 | |
| jimmy@jimmythomaslaw.com | |

---

[1] While Defendants do not agree to all of the allegations contained herein, they consent to the filing of this Fourth Amended Complaint as a substitute for the Third Amended Complaint in accordance with and under the same terms and conditions set forth in the Settlement Agreement [ECF 60-1] with respect to the filing of the Third Amended Complaint.

## FOURTH AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

Pursuant to Fed. R. Civ. P. 15(a)(2), and with the written consent of Defendants, Amanda Brown, Amanda Marshall, Benjamin Whilhite, Carlette D. Woods, Christopher Wilson, Elizabeth Couturier, Emma Hickey, Gabrielle Ann Stautzenberger, Hanifah Burch, Herman D. Locust, Jackie Dewaal, Jennifer Montgomery, Kaitlyn Russcher, Kathleen Nugent, Kaylynn Hart, Kenya Benward, Kimberly McNeil, Kyle Uselding, Latoya Chesil, Leah Leja, Leah Wilson, Lindsay Ryan, Lori Bryant, Lucy Stich, Mackenzie Betts, Marjalize Kirsten, Moriah Mee-Lin Martin, Porsche Carson, Randall Gosh, Santana Vermeesch, Sarah Lyn Spencer, Sarah Reed, Scottie Adams, Steven Mathews, Tiffany Beran, Virginia Meyers, Wayne Beachy, Wendy Moore, Zabrina Wilalobos, Lynn Morrison, Laurie O'Meara, Jennifer Seals, and Dr. Thomas Howard, individually and on behalf of the Class as defined below along with Plaintiffs Karen Albright, Lisa Allen, Sarah Andrews, Melissa Arai, Mary Audia-Vallier, Austin Boyes, Lisa Brannon, Marc Brannon, Kirk Brown, Stacey Buc, Karen Buchanan, Luke Bueche, Gretchen Cabral, Nancy Callow, Dazhia Chavez, Michael Cormier, Mary Cornish, Tabatha Cronander, Olivia Dais, Teresa DeMerell, David Edwards, Tracy Emory, Linda Ennis, Chelsea Forrest, Deborah Fry, Tonia Fults, Gisella Gamicchia, Molly Gorniewicz, Michelle Hamilton, Christine Haskin, Kathleen Hawley, Mary Hrecho, Breanne Hunter, Christy Hupman, Maureen Husted, Michele Igram, Rose Irish, Rosemary Jones, Staci Kaniszewski, Barbara Kehoe, Jared Kopydlowski, Tammy Krause, Cherie Lackowski, Betty Lawrie, Jenna Leggett, Mary LeMerise, Heather Lipkowitz, Cindy McMurphy, Kristen Measel-Miller, Shanda Middleton, Rachel Moore, Lynn Morrison, Luke Myers, Greta Natzel, Carrie Nees, Anna Neuner, Kathleen Nugent, Scott Obertein, Tracey Olldashi, Renee Ostrander, Michelle Owen, Carole Palazzolo, Brita Pietila, Beverly Post, Julie Poteracki, Pawel Pulawski, Cody Reed, Michelle Rossie, Kaitlyn Russcher, Dona Rutherford, Nancy Ruonavaara-Ingram,

Peter Sagmoe, Jennifer Seals, Allore Sharp, Theresa Shaw, Adrienne Silvestri, Dawn Spencer, Sue Story, Andrea Strobel, Maria Myjud, Dorothy Thompson, Emmy Tuttle, Robert Tworek, Kimberly Tylenda, Sandra Vander Lugt, Donnette VanderMeer, Cameron Vander Stel, Scott Walker, Laura Waltz, Amy Webb, Lisa Wilczak, Cindia Wong, and Daniel Yoder, Lori Gerber, Conan Rick Hauck, Jillian Martinez, and Andrew Mahnkeh ("Plaintiffs") or ("Class Representatives") submit this Fourth Amended Complaint, by and through the undersigned attorneys, and state the following:

## INTRODUCTION

1.     Thousands of healthcare workers were placed on an involuntary, indefinite, unpaid leave of absence in November 2021.  In December 2021, Defendants recalled the wrongfully disciplined employees back to work.  Accordingly, this class action lawsuit seeks damages for all of Defendants' employees who were temporarily denied a religious accommodation from the COVID-19 vaccine and suspended without pay nationwide.

## PARTIES, JURISDICTION, AND VENUE

2.     Karen Albright resides in Grand Blanc, Michigan.  Plaintiff Albright asserts that she was employed by Defendant Ascension Genesys Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Albright.

3.     Ms. Albright received a Right to Sue letter from the EEOC on August 31, 2022.

4.     Lisa Allen resides in Waterford, Michigan.  Plaintiff Allen asserts that she was employed by Ascension St. John Hospital and Ascension Health Alliance.  The actions of

Ascension Health Alliance, Defendant St. John Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Allen.

5.      Ms. Allen received a Right to Sue letter from the EEOC on June 1, 2022.

6.      Sarah Andrews resides in Saginaw, Michigan.  Plaintiff Andrews asserts that she was employed by Ascension St. Mary's Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. Mary's Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Andrews.

7.      Ms. Andrews received a Right to Sue letter from the EEOC on July 28, 2022.

8.      Melissa Arai resides in Livonia, Michigan.  Plaintiff Arai asserts that she was employed by Ascension Providence Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Providence Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Arai.

9.      Ms. Arai received a Right to Sue letter from the EEOC on June 8, 2022.

10.     Mary Audia-Vallier resides in Clinton Township, Michigan.  Plaintiff Audia-Vallier asserts that she was employed by Ascension St. John Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. John Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Audia-Vallier.

11.     Ms. Audia-Vallier received a Right to Sue letter from the EEOC on May 26, 2022.

12.     Austin Boyes resides in Woodhaven, Michigan.  Plaintiff Boyes asserts that he was employed by Ascension St. John Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. John Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Boyes.

13.    Mr. Boyes received a Right to Sue letter from the EEOC on September 29, 2022.

14.    Lisa Brannon resides in Davison, Michigan.  Plaintiff Brannon asserts that she was employed by Ascension Genesys Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genesys Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Brannon.

15.    Ms. Brannon received a Right to Sue letter from the EEOC on August 3, 2022.

16.    Marc Brannon resides in Davison, Michigan.  Plaintiff Brannon asserts that he was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Brannon.

17.    Mr. Brannon received a Right to Sue letter from the EEOC on June 28, 2022.

18.    Kirk Brown resides in Fenton, Michigan.  Plaintiff Brown asserts that he was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Brown.

19.    Mr. Brown received a Right to Sue letter from the EEOC on June 28, 2022.

20.    Stacey Buc resides in Warren, Michigan.  Plaintiff Buc asserts that she was employed by Defendant Ascension Macomb-Oakland Hospital and Ascension Health Alliance. The actions of Ascension Health Alliance, Defendant Ascension Macomb-Oakland Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Buc.

21.    Ms. Buc received a Right to Sue letter from the EEOC on May 9, 2022.

22.     Karen Buchanan resides in Lapeer, Michigan.  Plaintiff Buchanan asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Buchanan.

23.     Ms. Buchanan received a Right to Sue letter from the EEOC on August 15, 2022.

24.     Luke Bueche resides in Flint, Michigan.  Plaintiff Bueche asserts that she was employed by Ascension St. Mary's Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. Mary's Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Bueche.

25.     Mr. Bueche received a Right to Sue letter from the EEOC on September 29, 2022.

26.     Gretchen Cabral resides in Warren, Michigan.  Plaintiff Cabral asserts that she was employed by Ascension St. Mary's Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. Mary's Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Cabral.

27.     Ms. Cabral received a Right to Sue letter from the EEOC on July 30, 2022.

28.     Nancy Callow resides in Livonia, Michigan.  Plaintiff Callow asserts that she was employed by Ascension Medical Group, LLC and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Medical Group, LLC, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Callow.

29.     Ms. Callow received a Right to Sue letter from the EEOC on June 2, 2022.

30.     Dahzia Chavez resides in VanBuren Township, Michigan.  Plaintiff Chavez asserts that she was employed by Ascension Health Ministry Service Center, LLC and Ascension Health Alliance.   The actions of Ascension Health Alliance, Defendant Ascension Health Ministry

Service Center, LLC, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Chavez.

31.     Ms. Chavez received a Right to Sue letter from the EEOC on April 26, 2022.

32.     Michael Cormier resides in Grand Blanc, Michigan.  Plaintiff Cormier asserts that he was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Cormier.

33.     Mr. Cormier received a Right to Sue letter from the EEOC on June 28, 2022.

34.     Mary Cornish resides in Mussey, Michigan.  Plaintiff Cornish asserts that she was employed by Ascension St. John Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. John Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Cornish.

35.     Ms. Cornish received a Right to Sue letter from the EEOC on July 28, 2022.

36.     Tabatha Cronander resides in Rochester, Michigan.  Plaintiff Cronander asserts that she was employed by Ascension Providence Rochester Hospital and Ascension Health Alliance. The actions of Ascension Health Alliance, Defendant Ascension Providence Rochester Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Cronander.

37.     Ms. Cronander received a Right to Sue letter from the EEOC on July 28, 2022.

38.     Olivia Dais resides in Richland, Michigan.  Plaintiff Dais asserts that she was employed by Ascension Borgess Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Borgess Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Dais.

39.     Ms. Dais received a Right to Sue letter from the EEOC on July 30, 2022.

40.     Teresa DeMerell resides in Portage, Michigan.  Plaintiff DeMerell asserts that she was employed by Ascension Borgess Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Borgess Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff DeMerell.

41.     Ms. DeMerell received a Right to Sue letter from the EEOC on June 22, 2022.

42.     David Edwards resides in Grand Ledge, Michigan.  Plaintiff Edwards asserts that he was employed by Ascension Michigan and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Michigan, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Edwards.

43.     Mr. Edwards received a Right to Sue letter from the EEOC on May 25, 2022.

44.     Tracy Emory resides in Flushing, Michigan.  Plaintiff Emory asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Emory.

45.     Ms. Emory received a Right to Sue letter from the State of Michigan Department of Civil Rights on October 4, 2022.

46.     Linda Ennis resides in Wolverine Lake, Michigan.  Plaintiff Ennis asserts that she was employed by Ascension Providence Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Providence Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Ennis.

47.     Ms. Ennis received a Right to Sue letter from the EEOC on July 5, 2022.

48.    Chelsea Forrest resides in Commerce Township, Michigan.  Plaintiff Forrest asserts that she was employed by Ascencion St. John Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. John Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Forrest.

49.    Ms. Forrest received a Right to Sue letter from the EEOC on July 5, 2022.

50.    Deborah Fry resides in Gobles, Michigan.  Plaintiff Fry asserts that she was employed by Ascension Borgess Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Borgess Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Fry.

51.    Ms. Fry received a Right to Sue letter from the EEOC on June 6, 2022.

52.    Tonia Fults resides in Burton, Michigan.  Plaintiff Fults asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Fults.

53.    Ms. Fults received a Right to Sue letter from the EEOC on September 13, 2022.

54.    Gisella Gamicchia resides in St. Clair Shores, Michigan.  Plaintiff Gamicchia asserts that she was employed by Ascension St. John Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. John Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Gamicchia.

55.    Ms. Gamicchia received a Right to Sue letter from the EEOC on July 30, 2022.

56.     Molly Gorniewicz resides in Grand Rapids, Michigan.  Plaintiff Gorniewicz asserts that she was employed by Ascension Borgess Allegan Hospital and Ascension Health Alliance. The actions of Ascension Health Alliance, Defendant Ascension Borgess Allegan Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Gorniewicz.

57.     Ms. Gorniewicz received a Right to Sue letter from the EEOC on June 28, 2022.

58.     Michelle Hamilton resides in Grand Blanc, Michigan. Plaintiff Hamilton asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Hamilton.

59.     Ms. Hamilton received a Right to Sue letter from the EEOC on April 14, 2022.

60.     Christine Haskin resides in Rochester, Michigan. Plaintiff Haskin asserts that she was employed by Ascension St. John Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. John Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Haskin.

61.     Ms. Haskin received a Right to Sue letter from the EEOC on June 9, 2022.

62.     Kathleen Hawley resides in Fenton, Michigan.  Plaintiff Hawley asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Hawley.

63.     Ms. Hawley received a Right to Sue letter from the EEOC on July 5, 2022.

64.     Thomas Howard resides in Kalamazoo, Michigan.  Plaintiff Howard asserts that he was employed by Ascension Borgess-Pipp Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Borgess-Pipp, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Howard.

65.     Mr. Howard received a Right to Sue letter from the EEOC on May 24, 2022.

66.     Mary Hrecho resides in St. Clair, Michigan..  Plaintiff Hrecho asserts that she  was employed by Ascension St. John Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. John Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Hrecho.

67.     Ms. Hrecho received a Right to Sue letter from the EEOC on June 5, 2022.

68.     Breanne Hunter resides in Byron, Michigan.  Plaintiff Hunter asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance. The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Hunter.

69.     Ms. Hunter received a Right to Sue letter from the EEOC on June 10, 2022.

70.     Christy Hupman resides in Troy, Michigan.  Plaintiff Hupman asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Hupman.

71.     Ms. Hupman received a Right to Sue letter from the EEOC on July 28, 2022.

72.     Maureen Husted resides in Beverly Hills, Michigan.  Plaintiff Husted asserts that she was employed by Ascension Providence Hospital and Ascension Health Alliance.  The actions

of Ascension Health Alliance, Defendant Ascension Providence Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Husted.

73.    Ms. Husted received a Right to Sue letter from the EEOC on September 29, 2022.

74.    Michele Igram resides in Flint, Michigan.  Plaintiff Igram asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Igram.

75.    Ms. Igram received a Right to Sue letter from the EEOC on April 28, 2022.

76.    Rose Irish resides in Birch Run, Michigan.  Plaintiff Irish asserts that she was employed by Ascension St. Mary's Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. Mary's Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Irish.

77.    Ms. Irish received a Right to Sue letter from the EEOC on June 8, 2022.

78.    Rosemary Jones resides in Oxford, Michigan.  Plaintiff Jones asserts that she was employed by Ascension Providence Rochester Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Providence Rochester Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Jones.

79.    Ms. Jones received a Right to Sue letter from the EEOC on June 2, 2022.

80.    Staci Kaniszewski resides in Au Gres, Michigan.  Plaintiff Kaniszewski asserts that she was employed by Ascension St. Joseph Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. Joseph Hospital, and others acting in

concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Kaniszewski.

81.    Ms. Kaniszewski received a Right to Sue letter from the EEOC on July 30, 2022.

82.    Barbara Kehoe resides in St. Clair, Michigan.  Plaintiff Kehoe asserts that she was employed by Ascension St. John Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. John Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Kehoe.

83.    Ms. Kehoe received a Right to Sue letter from the EEOC on September 29, 2022.

84.    Jared Kopydlowski resides in Fenton, Michigan.  Plaintiff Kopydlowski asserts that he was employed by Medxcel Facilities Managements, LLC and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Medxcel Facilities Managements, LLC, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Kopydlowski.

85.    Mr. Kopydlowski received a Right to Sue letter from the EEOC on June 7, 2022.

86.    Tammy Krause resides in Linden, Michigan.  Plaintiff Krause asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Krause.

87.    Ms. Krause received a Right to Sue letter from the EEOC on June 27, 2022.

88.    Cherie Lackowski resides in Oakland Center Township, Michigan.  Plaintiff Lackowski asserts that she was employed by Ascension Providence Rochester Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension

Providence Rochester Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Lackowski.

89.    Ms. Lackowski received a Right to Sue letter from the EEOC on June 7, 2022.

90.    Betty Lawrie resides in Schwartz Creek, Michigan.  Plaintiff Lackowski asserts that she was employed by Ascension Providence Rochester Hospital and Ascension Health Alliance. The actions of Ascension Health Alliance, Defendant Ascension Providence Rochester Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Lawrie.

91.    Ms. Lawrie received a Right to Sue letter from the EEOC on September 29, 2022.

92.    Jenna Leggett resides in Kalamazoo, Michigan.  Plaintiff Leggett asserts that she was employed by Ascension Borgess Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Borgess Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Leggett.

93.    Ms. Leggett received a Right to Sue letter from the EEOC on September 29, 2022.

94.    Mary LeMerise resides in Canton, Michigan.  Plaintiff LeMerise asserts that she was employed by Ascension Medical Group, LLC and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Medical Group, LLC, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff LeMerise.

95.    Ms. LeMerise received a Right to Sue letter from the EEOC on June 23, 2022.

96.    Heather Lipkowitz resides in Davison, Michigan.  Plaintiff Lipkowitz asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of

Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Lipkowitz.

97.    Ms. Lipkowitz received a Right to Sue letter from the EEOC on May 16, 2022.

98.    Cindy McMurphy resides in Schwartz Creek, Michigan.  Plaintiff McMurphy asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff McMurphy.

99.    Ms. McMurphy received a Right to Sue letter from the EEOC on September 13, 2022.

100.    Kristen Measel-Miller resides in Macomb, Michigan.  Plaintiff Measel-Miller asserts that she was employed by Ascension Providence Rochester Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Providence Rochester Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Measel-Miller.

101.    Ms. Measel-Miller received a Right to Sue letter from the EEOC on July 28, 2022.

102.    Shanda Middleton resides in Marcellus, Michigan.  Plaintiff Middleton asserts that she was employed by Ascension Borgess Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Borgess Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Middleton.

103.    Ms. Middleton received a Right to Sue letter from the EEOC on May 27, 2022.

104.    Rachel Moore resides in Ortonville, Michigan.  Plaintiff Moore asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of

Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Moore.

105.    Ms. Moore received a Right to Sue letter from the EEOC on June 2, 2022.

106.    Lynn Morrison resides in Kalamazoo, Michigan.  Plaintiff Morrison asserts that she was employed by Ascension Borgess Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Borgess Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Morrison.

107.    Ms. Morrison received a Right to Sue letter from the EEOC on June 6, 2022.

108.    Luke Myers resides in Kalamazoo, Michigan.  Plaintiff Myers asserts that he was employed by Ascension Borgess Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Borgess Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Myers.

109.    Mr. Myers received a Right to Sue letter from the EEOC on June 6, 2022.

110.    Greta Natzel resides in Lennon, Michigan.  Plaintiff Natzel asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Natzel.

111.    Ms. Natzel received a Right to Sue letter from the EEOC on August 15, 2022.

112.    Carrie Nees resides in Holly, Michigan.  Plaintiff Nees asserts that she was employed by Ascension Providence Rochester Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Providence Rochester Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Nees.

113.    Ms. Nees received a Right to Sue letter from the EEOC on June 22, 2022.

114.    Anna Neuner resides in Macomb, Michigan.  Plaintiff Neuner asserts that she was employed by Ascension St. John Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. John Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Neuner.

115.    Ms. Neuner received a Right to Sue letter from the EEOC on August 19, 2022.

116.    Kathleen Nugent resides in Algonac, Michigan.  Plaintiff Nugent asserts that she was employed by Ascension River District Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension River District Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Nugent.

117.    Ms. Nugent received a Right to Sue letter from the EEOC on June 28, 2022.

118.    Scott Obertein resides in Pinconning, Michigan.  Plaintiff Obertein asserts that he was employed by Ascension St. Mary's Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. Mary's Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Obertein.

119.    Mr. Obertein received a Right to Sue letter from the EEOC on May 12, 2022.

120.    Tracey Olldashi resides in Macomb, Michigan.  Plaintiff Olldashi asserts that she was employed by Ascension Providence Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Providence Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Olldashi.

121.    Ms. Olldashi received a Right to Sue letter from the EEOC on June 24, 2022.

122.    Laura O'Meara resides in Lake Orion, Michigan.  Plaintiff O'Meara asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of

Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff O'Meara.

123.    Ms. O'Meara received a Right to Sue letter from the EEOC on July 5, 2022.

124.    Renee Ostrander resides in Armada, Michigan.  Plaintiff Ostrander asserts that she was employed by Ascension Providence Rochester Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Providence Rochester Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Ostrander.

125.    Ms. Ostrander received a Right to Sue letter from the EEOC on May 25, 2022.

126.    Michelle Owen resides in Mattawan, Michigan.  Plaintiff Owen asserts that she was employed by Ascension Borgess Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Borgess Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Owen.

127.    Ms. Owen received a Right to Sue letter from the EEOC on June 30, 2022.

128.    Carole Palazzolo resides in Fraser, Michigan.  Plaintiff Palazzolo asserts that she was employed by Ascension St. John Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. John Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Palazzolo.

129.    Ms. Palazzolo received a Right to Sue letter from the EEOC on July 21, 2022.

130.    Brita Pietila resides in Howell, Michigan.  Plaintiff Pietila asserts that she was employed by Ascension Health Ministry Service Center, LLC and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Health Ministry Service Center, LLC,

and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Pietila.

131.    Ms. Pietila received a Right to Sue letter from the EEOC on September 29, 2022.

132.    Beverly Post resides in Wayland, Michigan.  Plaintiff Post asserts that she was employed by Ascension Borgess-Pipp Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Borgess-Pipp Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Post.

133.    Ms. Post received a Right to Sue letter from the State of Michigan Department of Civil Rights on July 6, 2022.

134.    Julie Poteracki resides in Saint Clair Shores, Michigan.  Plaintiff Poteracki asserts that she was employed by Ascension St. John Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. John Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Poteracki.

135.    Ms. Poteracki received a Right to Sue letter from the EEOC on June 7, 2022.

136.    Pawel Pulawski resides in Clinton Township, Michigan.  Plaintiff Pulawski asserts that he was employed by Ascension St. John Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. John Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Pulawski.

137.    Mr. Pulawski received a Right to Sue letter from the EEOC on September 30, 2022.

138.    Cody Reed resides in Vicksburg, Michigan.  Plaintiff asserts that he was employed by Ascension Borgess Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Borgess Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Reed.

139.    Mr. Reed received a Right to Sue letter from the EEOC on April 28, 2022.

140.    Michelle Rossie resides in Grand Blanc, Michigan.  Plaintiff Rossie asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Rossie.

141.    Ms. Rossie received a Right to Sue letter from the EEOC on June 24, 2022.

142.    Nancy Ruonavaara-Ingram resides in Garden City, Michigan.  Plaintiff Ruonavaara-Ingram asserts that she was employed by Ascension Providence Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Providence Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Ruonavaara-Ingram.

143.    Ms. Ruonavaara-Ingram received a Right to Sue letter from the EEOC on July 28, 2022.

144.    Kaitlyn Russcher resides in Hamilton, Michigan.  Plaintiff Russcher asserts that she was employed by Ascension Borgess Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Borgess Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Russcher.

145.    Ms. Russcher received a Right to Sue letter from the EEOC on May 17, 2022.

146.    Dona Rutherford resides in Clarkston, Michigan.  Plaintiff Rutherford asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Rutherford.

147.    Ms. Rutherford received a Right to Sue letter from the EEOC on September 29, 2022.

148.    Peter Sagmoe resides in Holland, Michigan.  Plaintiff Sagmoe asserts that he was employed by Ascension Borgess Allegan Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Borgess Allegan Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Sagmoe.

149.    Mr. Sagmoe received a Right to Sue letter from the EEOC on April 28, 2022.

150.    Jennifer Seals resides in Paw Paw, Michigan an.  Plaintiff Seals asserts that she was employed by Ascension Borgess Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Borgess Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Seals.

151.    Ms. Seals received a Right to Sue letter from the EEOC on June 16, 2022.

152.    Allore Sharp resides in Fenton, Michigan.   Plaintiff Sharp asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.   The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Sharp.

153.    Ms. Sharp received a Right to Sue letter from the EEOC on June 30, 2022.

154.    Sue Story resides in Kalamazoo, Michigan.  Plaintiff Story asserts that she was employed by Ascension Borgess Hospital and Ascension Health Alliance.   The actions of Ascension Health Alliance, Defendant Ascension Borgess Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Story.

155.    Ms. Story received a Right to Sue letter from the EEOC on September 29, 2022.

156.    Theresa Shaw resides in Flint, Michigan.  Plaintiff Shaw asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Shaw.

157.    Ms. Shaw received a Right to Sue letter from the EEOC on June 1, 2022.

158.    Adrienne Silvestri resides in Harrison Township, Michigan.  Plaintiff Silvestri asserts that she was employed by Ascension Providence Hospital and Ascension Health Alliance. The actions of Ascension Health Alliance, Defendant Ascension Providence Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Silvestri.

159.    Ms. Silvestri received a Right to Sue letter from the EEOC on August 4, 2022.

160.    Dawn Spencer resides in Lapeer, Michigan.  Plaintiff Spencer asserts that she was employed by Ascension Providence Rochester Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Providence Rochester Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Spencer.

161.    Ms. Spencer received a Right to Sue letter from the EEOC on June 6, 2022.

162.    Andrea Strobel resides in Leonard, Michigan.  Plaintiff Strobel asserts that she was employed by Ascension Providence Rochester Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Providence Rochester Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Strobel.

163.    Ms. Strobel received a Right to Sue letter from the EEOC on June 1, 2022.

164.     Maria Syjud resides in Shelby Township, Michigan.  Plaintiff Syjud asserts that she was employed by Ascension St. John Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. John Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Syjud.

165.     Ms. Syjud received a Right to Sue letter from the EEOC on June 5, 2022.

166.     Dorothy Thompson resides in Flint, Michigan.  Plaintiff Thompson asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Thompson.

167.     Ms. Thompson received a Right to Sue letter from the EEOC on May 16, 2022.

168.     Emmy Tuttle resides in Rochester Hills, Michigan.  Plaintiff Tuttle asserts that she was employed by Ascension Providence Rochester Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Providence Rochester Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Tuttle.

169.     Ms. Tuttle received a Right to Sue letter from the EEOC on June 1, 2022.

170.     Robert Tworek resides in Livonia, Michigan.  Plaintiff Tworek asserts that he was employed by Ascension Michigan and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Michigan, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Tworek.

171.     Mr. Tworek received a Right to Sue letter from the EEOC on May 27, 2022.

172.     Kimberly Tylenda resides in Goodrich, Michigan.  Plaintiff Tylenda asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of

Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Tylenda.

173.    Ms. Tylenda received a Right to Sue letter from the EEOC on April 22, 2022.

174.    Sandra Vander Lugt resides in Richland, Michigan. Plaintiff Vander Lugt asserts that she was employed by Ascension Borgess Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Borgess Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Vander Lugt.

175.    Ms. Vander Lugt received a Right to Sue letter from the EEOC on August 5, 2022.

176.    Donnette VanderMeer resides in Kalamazoo, Michigan.  Plaintiff VanderMeer asserts that she was employed by Ascension Borgess Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Borgess Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff VanderMeer.

177.    Ms. VanderMeer received a Right to Sue letter from the EEOC on August 4, 2022.

178.    Cameron Vander Stel resides in Grand Rapids, Michigan.  Plaintiff Vander Stel asserts that he was employed by Ascension Borgess-Pipp Hospital and Ascension Health Alliance. The actions of Ascension Health Alliance, Defendant Ascension Borgess-Pipp Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Vander Stel.

179.    Mr. Vander Stel received a Right to Sue letter from the EEOC on May 10, 2022.

180.    Scott Walker resides in South Haven, Michigan.  Plaintiff Walker asserts that he was employed by Ascension Borgess Hospital and Ascension Health Alliance.  The actions of

Ascension Health Alliance, Defendant Ascension Borgess Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Walker.

181.    Mr. Walker received a Right to Sue letter from the EEOC on May 31, 2022.

182.    Laura Waltz resides in Pinckney, Michigan.  Plaintiff Waltz asserts that she was employed by Ascension Providence Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Providence Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Waltz.

183.    Ms. Waltz received a Right to Sue letter from the EEOC on June 6, 2022.

184.    Amy Webb resides in Schoolcraft, Michigan.  Plaintiff Webb asserts that she was employed by Ascension Borgess Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Borgess Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Webb.

185.    Ms. Webb received a Right to Sue letter from the EEOC on July 30, 2022.

186.    Lisa Wilczak resides in Holly, Michigan.  Plaintiff Wilczak asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Wilczak.

187.    Ms. Wilczak received a Right to Sue letter from the EEOC on April 20, 2022.

188.    Cindia Wong resides in Livonia, Michigan.  Plaintiff Wong asserts that she was employed by Ascension St. John Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. John Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Wong.

189.    Ms. Wong received a Right to Sue letter from the EEOC on June 28, 2022.

190.    Daniel Yoder resided in Owosso, Michigan.  Plaintiff Yoder asserts that he was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Yoder.

191.    Mr. Yoder received a Right to Sue letter from the EEOC on August 4, 2022.

192.    Amanda Brown resides in Friendsville, New York.  Plaintiff Brown asserts that she was employed by Our Lady of Lourdes Memorial Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Our Lady of Lourdes Memorial Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Brown.

193.    Amanda Marshall resides in Ypsilanti, Michigan.  Plaintiff Marshall asserts that she was employed by Ascension Brighton Center for Recovery and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Brighton Center for Recovery, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Brown.

194.    Benjamin Whilhite resides in Lexington, Kentucky.  Plaintiff Whilhite asserts that he was employed by Ascension Health Resource and Supply Management Group, LLC d/b/a The Resource Group and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Health Resource and Supply Management Group, LLC d/b/a The Resource Group, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Whilhite.

195.    Carlette D. Woods resides in Jacksonville, Florida.  Plaintiff Woods asserts that she was employed by Ascension Health IS, Inc. and Ascension Health Alliance.  The actions of

Ascension Health Alliance, Defendant Ascension Health IS, Inc., and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Woods.

196.     Christopher Wilson resides in Indianapolis, Indiana.  Plaintiff Wilson asserts that he was employed by Ascension Health Alliance.  The actions of Ascension Health Alliance and others acted in concert with them in connection to the COVID-19 Vaccination Policy injured Plaintiff Wilson.

197.     Elizabeth Couturier resides in Owosso, Michigan.  Plaintiff Couturier asserts that she was employed by Ascension Genysis Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Genysis Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Couturier.

198.     Emma Hickey resides in Wichita, Kansas.    Plaintiff Hickey asserts that she was employed by Ascension Via Christi Health, Inc. and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Via Christi Health, Inc, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Hickey.

199.     Gabrielle Ann Stautzenberger resides in Austin, Texas,.  Plaintiff Stautzenberger asserts that she was employed by Ascension Texas and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Texas, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Stautzenberger.

200.     Hanifah Burch resides in Roseville, Michigan.  Plaintiff Burch asserts that she was employed by Automated Benefits Services, Inc. and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Automated Benefits Services, Inc., and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Burch.

201.    Herman D. Locust resides in Romulus, Michigan. Plaintiff Locust asserts that he was employed by Ascension St. John Hospital and Ascension Health Alliance. The actions of Ascension Health Alliance, Defendant Ascension St. John Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Locust.

202.    Jackie Dewaal resides in Allegan, Michigan. Plaintiff Dewaal asserts that she was employed by Ascension Borgess Hospital and Ascension Health Alliance. The actions of Ascension Health Alliance, Defendant Ascension Borgess Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Dewaal.

203.    Jennifer Montgomery resides in Chattanooga, Tennessee. Plaintiff Montgomery asserts that she was employed by Ascension Senior Care d/b/a Ascension Living and Ascension Health Alliance. The actions of Ascension Health Alliance, Defendant Ascension Senior Care d/b/a Ascension Living, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Montgomery.

204.    Kaitlyn Russcher resides in Hamilton, Michigan. Plaintiff Russcher asserts that she was employed by Ascension Borgess Allegan Hospital and Ascension Health Alliance. The actions of Ascension Health Alliance, Defendant Ascension Borgess Allegan Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Russcher.

205.    Kathleen Nugent resides in Clay, Michigan. Plaintiff Nugent asserts that she was employed by Ascension River District Hospital and Ascension Health Alliance. The actions of Ascension Health Alliance, Defendant River District Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Nugent.

206.    Kaylynn Hart resides in Warren, Michigan.  Plaintiff Hart asserts that she was employed by Ascension Health Ministry Service Center, LLC and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Health Ministry Service Center, LLC, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Hart.

207.    Kenya Benward resides in Moss Point, Mississippi.  Plaintiff Benward asserts that she was employed by Ascension Medical Group, LLC and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Medical Group, LLC, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Benward.

208.    Kimberly McNeil resides in Troy, Michigan.  Plaintiff McNeil asserts that she was employed by Ascension Michigan and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Michigan, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff McNeil.

209.    Kyle Uselding resides in Fredonia, Wisconsin.  Plaintiff Uselding asserts that he was employed by Medxcel Facilities Management, LLC and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Medxcel Facilities Management, LLC, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Benward.

210.    Latoya Chesil resides in Baltimore, Maryland.  Plaintiff Chesil asserts that she was employed by St. Agnes Healthcare, Inc. and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant St. Agnes Healthcare, Inc., and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Chesil.

211.    Leah Leja resides in Milwaukee, Wisconsin.  Plaintiff Leja asserts that she was employed by Columbia St. Mary's Inc. and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Columbia St. Mary's Inc, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Leja.

212.    Leah Wilson resides in Springfield, Tennesse.  Plaintiff Wilson asserts that she was employed by Ascension Care Management, LLC and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Care Management, LLC, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Wilson.

213.    Lindsay Ryan resides in Trussville, Alabama.  Plaintiff Ryan asserts that she was employed by St. Vincent's Health System and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant St. Vincent's Health System, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Ryan.

214.    Lori Bryant resides in Oakland, Michigan.  Plaintiff Bryant asserts that she was employed by Ascension Macomb-Oakland and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Macomb-Oakland, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Bryant.

215.    Lucy Stich resides in Brookfield, Wisconsin.  Plaintiff Stich asserts that she was employed by Ministry Health Care, Inc. and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ministry Health Care, Inc., and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Stich.

216.    Mackenzie Betts resides in Waterford, Michigan.  Plaintiff Betts asserts that she was employed by Ascension Providence Rochester Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Providence Rochester Hospital, and

others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiffs Betts.

217.    Marjalize Kirsten resides in Bryon Center, Michigan.  Plaintiff Kirsten asserts that she was employed by Ascension Borgess-Pipp Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Borgess-Pipp Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Kirsten.

218.    Moriah Mee-Lin Martin resides in Columbia, Tennessee.  Plaintiff Mee-Lin asserts that she was employed by Saint Thomas Health and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Saint Thomas Health, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Mee-Lin.

219.    Porsche Carson resides in Southfield, Michigan.  Plaintiff Carson asserts that she was employed by Ascension Providence Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Providence Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Carson.

220.    Randall Gosh resides in South Milwaukee, Wisconsin.  Plaintiff Gosh asserts that he was employed by Wheaton Franciscan Health Care Southeast Wisconsin, Inc. and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Wheaton Franciscan Health Care Southeast Wisconsin, Inc., and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Gosh.

221.    Santana Vermeesch resides in Saginaw, Michigan.  Plaintiff Vermeesch asserts that he was employed by Ascension St. Mary's Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. Mary's Hospital, and others acting in

concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Vermeesch.

222.    Sarah Lyn Spencer resides in Omer, Michigan.  Plaintiff Spencer asserts that she was employed by Ascension Standish Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Standing Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Vermeesch.

223.    Sarah Reed resides in Fleming Island, Florida.  Plaintiff Reed asserts that she was employed by St. Vincent's Health System, Inc. and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant St. Vincent's Health System, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Reed.

224.    Scottie Adams resides in Lucedale, Mississippi.  Plaintiff Adams asserts that he was employed by Providence Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Providence Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Adams.

225.    Steven Mathews resides in Waco, Texas.  Plaintiff Mathews asserts that he was employed by Ascension Providence and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Providence, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Mathews.

226.    Tiffany Beran resides in Turner, Michigan.  Plaintiff Beran asserts that she was employed by Ascension St. Joseph Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension St. Joseph Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Beran.

227.    Virginia Meyers resides in Eldon, Missouri.  Plaintiff Meyers asserts that she was employed by Ascension Connect, LLC and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Connect, LLC, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Meyers.

228.    Wayne Beachy resides in Broken Arrow, Oklahoma.  Plaintiff Beachy asserts that he was employed by St. John Health System, Inc. and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant St. John Health System, Inc., and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Breachy.

229.    Wendy Moore resides Indianapolis, Indiana.  Plaintiff Moore asserts that she was employed by St. Vincent Health, Inc. and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant St. Vincent Health, Inc., and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Moore.

230.    Zabrina Wilalobos resides in Dowagiac, Michigan.  Plaintiff Wilalobos asserts that she was employed by Ascension Borgess Lee Hospital and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Borgess Lee Hospital, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Wilalobos.

231.    Lori Gerber resides in Conway Springs, Kansas.  Plaintiff Gerber asserts that she was employed by Ascension Health IS, Inc. and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Health IS, Inc. and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Gerber.

232.    Conan Rich Hauck resides in Austin, Texas.  Plaintiff Hauck asserts that he was employed by Ascension Texas and Ascension Health Alliance.  The actions of Ascension Health

Alliance, Defendant Ascension Texas, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Hauck.

233.    Jillian Martinez resides in Dearborn Heights, Michigan.  Plaintiff Martinez asserts that she was employed by Ascension Care Management, LLC and Ascension Health Alliance.  The actions of Ascension Health Alliance, Defendant Ascension Care Management, LLC, and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Martinez.

234.    Andrew Mahnkeh resides in Oak Creek, Wisconsin.  Plaintiff Mahnkeh asserts that he was employed by Franciscan Health Care - Southeast Wisconsin, Inc.  The actions of Ascension Health Alliance, Defendant Franciscan Health Care – Southeast Wisconsin, Inc., and others acting in concert with them in connection with the COVID-19 Vaccination Policy injured Plaintiff Mahnkeh.

235.    Defendant Ascension Health Alliance is a national non-profit and Catholic health system that includes approximately 134,000 employees, 35,000 affiliated providers and 140 hospitals, and serves communities in 19 states and the District of Columbia with its network of hospitals.  Ascension Health Alliance owns in whole or in part all co-Defendants in this Fourth Amended Complaint and effectuated the Ascension Health Alliance COVID-19 Vaccination Policy adopted by all co-Defendants.

236.    Defendants Ascension Michigan, St. Vincent's Health System, Providence Hospital, St. Vincent's Health System, Inc., St. Vincent Health, Inc, Ascension Via Christi Health, Inc., St. Agnes Healthcare, Inc., Our Lady of Lourdes Memorial Hospital, Inc., St. John Health System, Inc., Saint Thomas Health, Ascension Texas, Columbia St. Mary's, Inc, Ministry Health Care, Inc., Wheaton Franciscan Health Care –Southeast Wisconsin, Inc, Us Health And Life

Insurance Company, Inc., Automated Benefit Services, Inc, Ascension Care Management, LlLC, Ascension Health-Is, Inc., Medxcel Facilities Management, LLC, Ascension Health Ministry Service Center, Llc, Ascension Medical Group, LLC, Ascension Health Resource And Supply Management Group, LLC d/b/a The Resource Group, Ascension Health Senior Care D/B/A Ascension Living, and Ascension Connect, LLC are entities owned in whole or part by Ascension Health Alliance and they own and/or operate hospitals and medical facilities in the states of Alabama, the District of Columbia, Florida, Indiana, Kansas, Maryland, Michigan, Missouri, New York, Oklahoma, Tennessee, Texas, and Wisconsin and adopted the Ascension Health Alliance COVID-19 Vaccination Policy at all of their facilities.

237.    To have standing, a plaintiff must have suffered an injury-in-fact that is fairly traceable to a defendant's conduct and is therefore likely redressable by the court. *Lujan v. Defens. Of Wildlife*, 504 U.S. 555, 560-61 (1992).

238.    Here, Plaintiffs suffered injuries when Defendants suspended Plaintiffs without pay after Defendants denied Plaintiffs' requests for religious accommodation to Defendant Ascension Health Alliance's (and its affiliates') COVID-19 vaccine mandate.

239.    All other Defendants are part of Ascension Health Alliance's network and enacted the same uniform COVID-19 vaccine mandate.

240.    Plaintiffs' injuries were caused by Defendant Ascension Health Alliance and its affiliates' discriminatory enforcement of its COVID-19 vaccine mandate which resulted in Defendants denying Plaintiffs' religious accommodation requests and suspending Plaintiffs without pay.

241.    Plaintiffs' injuries are redressable by monetary compensation..

242.    All of plaintiffs' alleged injuries and those of the class members, are fairly traceable to Ascension Health Alliance.

243.    One or more or of the plaintiffs' injuries are fairly traceable to each of the other Defendants.

244.    This Court has original jurisdiction over the Title VII of the Civil Rights Act of 1964 ("Title VII") claims pursuant to 28 U.S.C. § 1331, supplemental jurisdiction over any applicable state law claim claims pursuant to 28 U.S.C. § 1367, and subject matter jurisdiction pursuant to 28 U.S.C. §1332(d) because this is a class action in which the amount in controversy exceeds $5,000,000, there are more than 100 putative class members, and the majority of putative class members are citizens of a state different than the state of which Defendants are citizens.

245.    Venue is proper in the Western District of Michigan pursuant to 28 U.S.C. § 1391(b)(1) because it is the judicial district in which one or more Defendant operates its businesses.

246.    The "single-filing" rule allows plaintiffs to "piggyback" onto the timely and valid charge of a named plaintiff with the U.S. Equal Employment Opportunity Commission (EEOC). *Calloway v. Partners National Health Plans*, 986 F.2d 446, 450 (11th Cir. 1993).  Plaintiffs have all received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission ("EEOC") within the past 90 days.

## FACTUAL ALLEGATIONS

### Defendants' Mandatory Vaccine Policy

247.    On July 27, 2021, Defendants announced a COVID-19 vaccine mandate for all employees, without regard to level of patient interaction.

248.    Defendants utilized a "portal" for handling religious accommodation requests wherein employees were made to provide information to assist it in determining which employees

were sufficiently religious.

249.    Employees applying for accommodation were instructed to write a "description of how use of this vaccination is a violation of your moral conscience," and their descriptions were "not to exceed 4,000 characters."   The portal contained a check box stating: "I understand that should I fail to be vaccinated or granted exemption on or before 5:00 pm on November 12, 2021, I will be suspended . . . Continued failure to comply will be deemed voluntary resignation."

250.    Defendants did not require independent contractors, vendors, temporary staff, patients, visitors, or any other individuals on Defendants' premises to be vaccinated.

251.    The last day for employees to be vaccinated was November 12, 2021:

252.    Defendants' policy stated:

> Ascension will require that all associates be vaccinated against COVID-19, *whether or not they provide direct patient care, and whether they work in our sites of care or remotely* . . . In those instances when someone may not be able to get vaccinated due to a medical condition or *strongly held religious belief*, Ascension will provide its associates a process for requesting an exemption similar to the process we use for the annual influenza vaccine.

253.    Initially after introducing the COVID-19 vaccine mandate, Defendants granted both religious and medical accommodation to the first employees that applied for the same.

254.    However, Defendants then switched course and violated its own policy by implementing a blanket prohibition on COVID-19 vaccine accommodation.

255.    Employees protested the vaccine mandate *en masse*.

256.    The Secretary of Health and Human Services issued an interim final rule on November 5, 2021 that hospitals must "ensure that staff are fully vaccinated for COVID-19." 86 Fed. Reg. 61568 (2021).

257.    Defendants assert they relied on this November 5, 2021 rule in enforcing the vaccine mandate, even though the rule was issued fifteen (15) weeks after Defendants announced the vaccine mandate.

258.    "The [interim final] rule requires providers to offer medical and religious exemptions." *Biden v. Missouri*, 142 S. Ct. 647, 651 (Jan. 13, 2022). The interim final rule states:

> In implementing the COVID-19 vaccination policies and procedures required by this IFC, however, employers must comply with applicable Federal anti-discrimination laws and civil rights protections . . . In other words, employers following . . . the new requirements . . . *may also be required* to provide appropriate accommodations . . . for employees who request and receive exemption from vaccination because of a *sincerely held religious belief, practice, or observance* . . . Under Federal law, including . . . *Title VII of the Civil Rights Act of 1964* . . . workers who cannot be vaccinated or tested because of . . . *sincerely held religious beliefs, practice, or observance* may in some circumstances be granted an exemption from their employer . . . *Employers must also follow Federal laws protecting employees from retaliation for requesting an exemption on account of religious belief.*

86 Fed. Reg. 61569, 61572 (2021).

259.    The federal vaccine mandate was never intended to apply to remote employees or contractors: "Facilities that employ or contract for services by staff who *telework full-time* (that is, 100 percent of their time is remote from sites of patient care, and remote from staff who do work at sites of care) should identify and monitor these individuals . . . but *those individuals need not be subject to the vaccination requirements*." *Id.* at 61571 (emphasis added).

260.    Defendants' practices *directly contravene* the rule it purportedly relied on.

261.    Defendants actively coerced employees to abandon their religious convictions.

262.    Employees who were denied religious accommodation to the vaccine mandate were forced into the horrible position of choosing between vaccination or unpaid suspension.

263.    "Forcing individuals to choose between their faith and their livelihood imposes an obvious and substantial burden on religion . . . vaccine mandates . . . presents a crisis of conscience for many people of faith.  It forces them to choose between the two most profound obligations they will ever assume—holding true to their religious commitments and feeding and housing their children.  To many, this is the most horrifying of Hobson's choices."  *Sambrano v. United Airlines, Inc.*, 19 F.4th 839, 841 (5th Cir. 2021).

264.    With respect to the COVID-19 Vaccination Policy, Defendants acted in concert with each other.  All Plaintiffs and class members claim to be injured by Ascension Health Alliance's COVID-19 Vaccination Policy and its decisions on religious accommodation requests. Defendants each adopted the Ascension Health Alliance COVID-19 Vaccination Policy at all of their facilities and, acting in concert with one another, enforced the policy and Ascension Health Alliance's decisions against one or more Plaintiffs.  For purposes of the COVID-19 Vaccination Policy, Ascension Health Alliance was a joint employer over all Plaintiffs and class members.

### Plaintiffs' Religious Accommodation Requests

265.    Plaintiffs and the Class submitted religious accommodations requests before the deadline.

266.    Their requests for accommodation were denied in emails that were three (3) sentences in length: "*Your request for a religious exemption . . . has been denied.*"

267.    Plaintiffs were given seven (7) days to "add information."

268.    Plaintiffs were told that failure to "add information" before the arbitrary deadline would result in the decision becoming final.

269.    Plaintiffs and the Class all worked safely and successfully for Defendants prior to the vaccine mandate.

41

270.    There are a host of reasonable accommodations that Defendants failed to consider.

271.    Plaintiffs and the Class could have tested daily to confirm whether they were not ill.

272.    Plaintiffs and the Class could have engaged in frequent sanitizing and disinfecting.

273.    Plaintiffs and the Class could have worn gloves and respirators in the workplace.

274.    Plaintiffs and the Class  could have transferred to more solitary positions.

275.    Defendants made employees work in-person throughout the pandemic. Before any vaccine was developed, the following safety measures were deemed sufficiently effective to protect employees, patients, and their loved ones: daily testing, enhanced sanitation measures, including handwashing and disinfecting, gloves and respirators, and social distancing whenever practicable.

276.    Examples of reasonable accommodations include wearing a mask, working "at a social distance" from others, working a modified shift, getting tested, and being given the opportunity to telework. U.S. EQUAL EMPL. OPPORTUNITY COMM'N, *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws* (May 28, 2021).

277.    "If the employer denies the employee's proposed accommodation, the employer should explain to the employee why the preferred accommodation is not being granted." *Id*.

278.    Defendants did not explain to Plaintiffs why accommodation could not be granted.

279.    Generally, the sincerity of an employee's religious beliefs "is not open to question." *United States v Seeger*, 380 U.S. 163, 185 (1965). Title VII's statutory definition of "religion" includes "all aspects of religious observance and practice, as well as belief."  42 U.S.C. § 2000e(j).

280.    Defendants' religious animus is evidenced by the fact that, while it refused to accommodate employees who rejected the vaccine on religious grounds, it readily accommodated

employees who sought medical exemptions to the COVID-19 vaccine, including pregnant employees.

281.    Defendants' religious animus is further evidenced by the fact that, while it refuses to accommodate employees who reject the vaccine on religious grounds, it did not require independent contractors, vendors, patients or their visitors to be vaccinated, even though they interact with Defendants' staff and providers.

282.    Defendants evaded any sort of "bilateral cooperation," *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 69 (1986), when it granted a false "accommodation" of an unpaid leave of absence. "Bilateral cooperation is appropriate in the search for an acceptable reconciliation of the needs of the employee's religion and the exigencies of the employer's business." *Id.*

283.    Defendants' accommodation process was arbitrary and inconsistent.

284.    Members of the Putative Class were told by management that Defendants would not grant any religious accommodations.

285.    Defendants granted some accommodation requests based on pure favoritism.

286.    Defendants unnecessarily shared the private health information of Plaintiffs with coworkers.

287.    Defendants did not explore available reasonable accommodations from the vaccine.

288.    Plaintiffs and Class Members  were placed on unpaid suspensions on November 12, 2021.

289.    Plaintiffs and Class Members  were gradually recalled to work beginning approximately five (5) weeks later due to "legal challenges" and "staffing challenges."

290.     Plaintiffs and Class Members were told the following over the telephone: "The reason that we are contacting you is to let you know the vaccine suspension that you were placed on has been recalled and they are asking you to return to work."

291.     Inexplicably, many employees who were denied religious accommodations were not recalled to work.  Defendants instead used the religious accommodation denials as a method to reduce headcount in some departments.

292.     Many employees who had been suspended were told that their positions had been filled during their absence and were told they could only apply for new jobs.

293.     Defendants refused to provide unlawfully suspended employees with back pay.

### Defendants Did Not Base Its Decision on Undue Hardship, Nor Could It Establish Undue Hardship

294.     The prohibition against religious discrimination imposes a "duty" on employers to accommodate sincere religious beliefs, absent "undue hardship."  *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 74 (1977).

295.     The employer, not the employee, bears the burden of showing "that it is unable to reasonably accommodate the employee's religious beliefs without incurring undue hardship." *McDaniel v. Essex Intern., Inc*., 571 F.2d 338, 341 (6th Cir.1978).

296.     An employer does not satisfy its burden of proving undue hardship "merely by showing that an accommodation would be bothersome to administer or disruptive of the operating routine." *Draper v. United States Pipe & Foundry Co*., 527 F.2d 515, 520 (6th Cir.1975). The operative word is "undue," meaning that "something greater" than a mere hardship is required.  *Id.*

297.     Defendants cannot satisfy its burden of proving undue hardship.

298.     Defendants, without citing any scientific evidence, alleges that unvaccinated employees pose a substantial "risk of infection or death to hospital patients, staff, and visitors."

299.    Defendants' allegations are based in religious animus rather than science.

300.    Defendants cannot allege undue hardship when some of its employees, including pregnant employees, were granted *medical* accommodations to the vaccine mandate.

301.    Defendants cannot allege undue hardship when it began recalling unvaccinated employees approximately five (5) weeks after initially suspending them, meaning that any undue hardship must have seemingly disappeared for no apparent reason in the meantime.

302.    Plaintiffs and the Class were not requesting a license to roam about uninhibited without sanitizing or wearing any personal protective equipment ("PPE"), as though no health threat existed.

303.    Plaintiffs and the Class were more than willing to comply with all safety protocols.

304.    Defendant's allegations of undue hardship lack scientific backing and, in fact, directly contravene scientific evidence supporting the effectiveness of practices such as handwashing and wearing respirators in preventing infection and death. Stella Talic et al., *Effectiveness of public health measures in reducing the incidence of covid-19, SARS-CoV-2 transmission, and covid-19 mortality: systematic review and meta-analysis*, BRIT. MED. J (2021).

305.    Plaintiffs had been engaging in these alternative practices, which had been deemed effective throughout the pandemic for approximately eighteen (18) months before the mandate.

## CLASS ACTION ALLEGATIONS

306.    Plaintiffs Lynn Morrison, Laurie O'Meara, Jennifer Seals, Dr. Thomas Howard, Amanda Brown, Amanda Marshall, Andrew Mahnkeh,  Benjamin Whilhite, Carlette D. Woods, Christopher Wilson, Conan Rick Hauck,  Elizabeth Couturier, Emma Hickey, Gabrielle Ann Stautzenberger,  Hanifah Burch, Herman D. Locust, Jackie Dewaal, Jennifer Montgomery, Jillian Martinez, Kaitlyn Russcher, Kathleen Nugent, Kaylynn Hart, Kenya Benward, Kimberly McNeil,

Kyle Uselding, Latoya Chesil, Leah Leja, Leah Wilson, Lindsay Ryan, Lori Bryant, Lori Gerber, Lucy Stich, Mackenzie Betts, Marjalize Kirsten, Moriah Mee-Lin Martin,  Porsche Carson, Randall Gosh, Santana Vermeesch, Sarah Lyn Spencer, Sarah Reed, Scottie Adams, Steven Mathews, Tiffany Beran, Virginia Meyers, Wayne Beachy, Wendy Moore, and Zabrina Wilalobos assert claims on behalf of the "Putative Class," defined as follows:

> **Class:**  All Ascension Associates for whom all of the following apply: (a) the Associate applied for a religious exemption to the COVID-19 Vaccination Policy and has a sincerely held religious belief that conflicted with the COVID-19 Vaccination Policy; and (b) the Associate was denied the requested religious exemption, and (c) the Associate either (i) was suspended or otherwise removed from employment by Ascension in November 2021 or (ii) claims they were forced to leave their employment with Ascension before February 28, 2022, after and as a result of their denied religious exemption to the COVID 19-Vaccination Policy.[2]

307.    **Class Representatives.** Dr. Thomas Howard asserts claims on behalf of Class Members who worked as Physicians, Physician Assistants, and Nurse Practitioners at any of Defendants' facilities nationwide. Lynn Morrison R.N. asserts claims on behalf of all registered and licensed practical nurses at any of Defendants' facilities nationwide. Laurie O'Meara and Jennifer Seals assert claims on behalf of all other employees of Defendants at any of Defendants' facilities nationwide.

308.    **Numerosity**.  The Putative Class is so numerous that joinder of all Class members is impracticable.  Upon information and belief, more than five hundred of Defendants' employees satisfy the definition of the Putative Classes.

---

[2] "Ascension" means "all Defendants in the Action, including Ascension Health Alliance, and all their related and affiliated entities that adopted the Ascension Health Alliance, or a substantially similar, COVID-19 Vaccination Policy."  To avoid any doubt, Ascension as used herein is intended to include each and every Ascension Health Alliance affiliate or related entity that adopted the Ascension Health Alliance, or a substantially similar, COVID-19 Vaccination Policy."

309.   **Typicality**.  Plaintiffs' claims are typical of the members of the Putative Class.  For all members of the Putative Class, Defendants did not conduct an individualized assessment of the religious accommodation requests submitted.  Instead, Defendants imposed a policy blanketly denying all religious accommodation requests and then suspended members of the Putative Class without pay.  The legal violations suffered by the Plaintiffs are typical to those suffered by other Putative Class members, and Defendants treated Plaintiffs consistent with other Putative Class members in accordance with its standard policies and practices.

310.   **Adequacy.**  Plaintiffs are adequate representatives of the Putative Class.  Plaintiffs' interests are aligned with, and are not antagonistic to, the interests of the members of the Putative Class.   Plaintiffs have retained counsel competent and experienced in complex class action litigation.

311.   **Commonality**.  Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

a.     Whether Defendants imposed a blanket policy denying religious accommodations to the COVID-19 vaccine to all employees;

b.     Whether Defendants violated Title VII and various state laws by failing to consider whether members of the Putative Class had sincerely held religious beliefs;

c.     Whether Defendants violated Title VII and various state laws by failing to consider whether there were reasonable accommodations for members of the Putative Class that would not pose an undue burden on Defendants.

d.     Whether Defendants suspended members of the Putative Class.

      e.      Whether members of the Putative Class felt they were forced to leave Defendants employment and as a result were constructively discharged;

      f.      Whether Defendants reversed the religious accommodation denials and recalled members of the Putative Class back to work;

      g.      The proper measure of statutory and punitive damages; and

      h.      The proper form of declaratory relief.

312.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.  Further, adjudication of each individual Class member's claim as a separate action would potentially be dispositive of the interest of other individuals not a part to such action, impeding their ability to protect their interests.

313.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants acted or refused to act on grounds that apply generally to the Putative Classes, so that relief is appropriate respecting the Class as a whole.

314.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and because a class action is superior to other available methods of the fair and efficient adjudication of this litigation.  Defendants' conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of Title VII and state law. Members of the Putative Class do not have an interest in pursuing separate actions against Defendants, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution, Class

certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

315. Plaintiffs have sent notice to all members of the Putative Classes to the extent required by Rule 23.

**COUNT I**
**VIOLATION OF TITLE VII, 42 U.S.C. § 2000e, *et seq*.**
**RELIGIOUS DISCRIMINATION–FAILURE TO ACCOMMODATE**
**ON BEHALF OF PLAINTIFFS AND OTHERS SIMILARLY SITUATED**

316. Plaintiffs restate the foregoing paragraphs as set forth fully herein.

317. Title VII prohibits an employer from discriminating against an employee "because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). Title VII's definition of "religion" includes "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j).

318. Plaintiffs and the Class can establish *prima facie* cases of discrimination by showing (1) they hold sincere religious beliefs that conflict with an employment requirement; (2) they informed their employer of same; and (3) they were disciplined for failing to comply with the employment requirement." *Yeager v. FirstEnergy Generation Corp*, 777 F.3d 362, 363 (6th Cir. 2015).

319. Plaintiffs hold sincere religious beliefs that conflict with the vaccine mandate.

320. Plaintiffs and the Class informed their employer of same.

321. Plaintiffs and the Class were disciplined for failing to comply with the vaccine mandate or felt like they were forced to resign.

322.    Defendants evaded any sort of "bilateral cooperation," *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 69 (1986), when it granted a false "accommodation" of an unpaid leave of absence, which is not an accommodation at all.  Defendants have thereby violated the law.

323.    Multiple reasonable accommodations could have been offered without undue hardship, including sanitizing, disinfecting, handwashing, respirator-wearing, and testing.

324.    Defendants never explained why they could not be accommodated.

325.    Defendants never explained why no accommodations could have worked.

326.    Plaintiffs and the Class have suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation, embarrassment, and the physical effects associated therewith because of the denial of their requests, and they will so suffer in the future.

327.    Plaintiffs and the Class have been denied employment and placed in financial distress and they have suffered a loss of earnings and benefits, loss of health insurance coverage, and a loss of and impairment of their earning capacity and ability to work because of the denial of their request.

328.    Plaintiffs have been required to employ the services of an attorney as a result.

329.    Defendants' actions were intentional and/or reckless.

330.    Involuntary, indefinite unpaid leave is not a religious accommodation.

### COUNT II
### VIOLATION OF TITLE VII, 42 U.S.C. § 2000e, *et seq*.
### RELIGIOUS DISCRIMINATION–RETALIATION
### ON BEHALF OF PLAINTIFFS AND OTHERS SIMILARLY SITUATED

331.    Plaintiffs restate the foregoing paragraphs as set forth fully herein.

332.    It is unlawful for an employer to retaliate against employees who communicate about employment discrimination or request accommodation for a religious practice.

333.    Plaintiffs engaged in protected activity when they requested accommodations.

334.    Defendants retaliated against them by suspending them on November 12, 2021.

335.    Defendants' threat of unpaid suspension was clearly intended to force employees to abandon their religious beliefs and receive the vaccine.

336.    Plaintiffs and the Class have suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation, embarrassment, and the physical effects associated therewith because of the unlawful retaliatory conduct, and she will so suffer in the future.

337.    Plaintiffs and the Class have been denied employment and placed in financial distress and she has suffered a loss of earnings and benefits, and a loss of and impairment of their earning capacity and ability to work because of the retaliatory conduct, and she will so suffer in the future.

338.    Plaintiffs and the Class have been required to employ the services of an attorney as a result.

339.    Defendants' actions were intentional and/or reckless.

## COUNT III
### RELIGIOUS DISCRIMINATION–FAILURE TO ACCOMMODATE UNDER STATE LAW ON BEHALF OF ALL PLAINTIFFS AND OTHERS SIMILARLY SITUATED

340.    Plaintiffs restate the foregoing paragraphs as set forth fully herein.

341.    Plaintiffs and the Class hold sincere religious beliefs that conflict with the vaccine mandate.

342.    Plaintiffs and the Class informed their employer of same.

343.    Plaintiffs and the Class were disciplined for failing to comply with the vaccine mandate or felt like they were forced to resign.

344.    Defendants evaded any sort of "bilateral cooperation," *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 69 (1986), when it granted a false "accommodation" of an unpaid leave of absence, which is not an accommodation at all.  Defendants therefore violated the law.

345.    Multiple reasonable accommodations could have been offered without undue hardship, including sanitizing, disinfecting, handwashing, respirator-wearing, and testing.

346.    Defendants never explained why they could not accommodate Plaintiffs.

347.    Defendants never explained why no accommodations could have worked.

348.    The Class Representatives assert on behalf of the class that that Defendants, through their actions as set forth above individually and/or collectively discriminated and failed to accommodate the religious beliefs of the Class though the adoption and implementation of  the Ascension Health Alliance COVID-19 Vaccination Policy and in doing so violated the laws regarding religious accommodation and/or vaccination requirements for health care workers in the states of in the states of  Alabama, the District of Columbia, Florida, Indiana, Kansas, Maryland, Michigan, Missouri, New York, Oklahoma, Tennessee, Texas, and Wisconsin

349.    Class Representatives assert that Defendants, individually and collectively violated the following laws through their failure to accommodate the religious beliefs of the putative class:

    a.    District of Columbia – 56 DCR 006029 and D.C. Code 2-1402.11(a)(c)

    b.     Florida – Florida Statute §760.10

    c.    Indiana – I.C. 22-5-4.6-7(b)

    d.    Kansas – Kansas Act Against Discrimination, K.S. 44-1001 et seq.

    e.    Maryland – State Gov. Code 20-603(2) and 20-606

    f.    Michigan - The Elliot Larsen Civil Rights Act, M.C.L. § 37.2201, et seq.,

    g.    Missouri - Missouri Human Rights Act, M.R.S. §213.010 et seq.

     h.   New York – NY CLS Exec. 296(10)(a)

     i.   Oklahoma – Okla Admin. Code § 335:15-5-**2**

     j.   Tennessee – Tennessee Human Rights Act, T.C. Code 4-21-401 et seq.

     k.   Texas - Tex. Lab. Code § 21.108

     l.   Wisconsin - Wis. Stat. § 111.337

350.    Plaintiffs and the Class have suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation, embarrassment, and the physical effects associated therewith because of the denial of their requests, and they will so suffer in the future.

351.    Plaintiffs and the Class have been denied employment and placed in financial distress and they have suffered a loss of earnings and benefits, loss of health insurance coverage, and a loss of and impairment of their earning capacity and ability to work because of the denial of their request.

352.    Plaintiffs and the Class have been required to employ the services of an attorney as a result.

353.    Defendants' actions were intentional and/or reckless.

354.    Involuntary unpaid leave is not a religious accommodation.

**COUNT IV**
**VIOLATION OF RELIGIOUS DISCRIMINATION–RETALIATION**
**ON BEHALF OF ALL PLAINTIFFS UNDER STATE LAW INDIVIDUALLY AND ON BEHALF OF ALL PLAINTIFFS AND OTHERS SIMILARLY SITUATED**

355.    Plaintiffs restate the foregoing paragraphs as set forth fully herein.

356.    It is unlawful for an employer to retaliate against employees who communicate about employment discrimination or request accommodation for a religious practice.

357.    Plaintiffs and the Class engaged in protected activity when they requested accommodations.

358.    Defendants retaliated against them by suspending them on November 12, 2021.

359.    Defendants' threat of unpaid suspension was clearly intended to force employees to abandon their religious beliefs and receive the vaccine.

360.    The Class Representatives assert on behalf of the class that that Defendants, through their actions as set forth above individually and/or collectively retaliated against the Plaintiffs and the Class when the suspended Class Members after they requested accommodations the Ascension Health Alliance COVID-19 Vaccination Policy and in doing so violated the laws regarding retaliated against health care workers in the states of in the states of  Alabama, the District of Columbia, Florida, Indiana, Kansas, Maryland, Michigan, Missouri, New York, Oklahoma, Tennessee, Texas, and Wisconsin

361.    Class Representatives assert that Defendants, individually and collectively violated the state law regarding retaliation, including but not limited to, the following laws by retaliation against Class Members:

    a.   District of Columbia – 56 DCR 006029 and D.C. Code 2-1402.11(a)(c)

    b.    Florida – Florida Statute §760.10

    c.   Indiana – I.C. 22-5-4.6-7(b)

    d.   Kansas – Kansas Act Against Discrimination, K.S. 44-1001 et seq.

    e.   Maryland – State Gov. Code 20-603(2) and 20-606

    f.   Michigan - The Elliot Larsen Civil Rights Act, M.C.L. § 37.2201, et seq.,

    g.   Missouri - Missouri Human Rights Act, M.R.S. §213.010 et seq.

    h.   New York – NY CLS Exec. 296(10)(a)

    i.   Oklahoma – Okla Admin. Code § 335:15-5-**2**

    j.   Tennessee – Tennessee Human Rights Act, T.C. Code 4-21-401 et seq.

      k.   Texas - Tex. Lab. Code § 21.108

      l.   Wisconsin - Wis. Stat. § 111.337

362.    Plaintiffs and the Class have suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation, embarrassment, and the physical effects associated therewith because of the unlawful retaliatory conduct, and she will so suffer in the future.

363.    Plaintiffs and the Class have been denied employment and placed in financial distress and she has suffered a loss of earnings and benefits, and a loss of and impairment of their earning capacity and ability to work because of the retaliatory conduct, and she will so suffer in the future.

364.    Plaintiffs and the Class have been required to employ the services of an attorney as a result.

365.    Defendants' actions were intentional and/or reckless.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the Class Representatives on behalf of the Class request the following relief:

      a.    Compensatory damages for monetary and non-monetary loss;

      b.    Exemplary and punitive damages;

      c.    Prejudgment interest;

      d.    Reasonable attorney's fees; and

      e.    Such other relief as in law or equity may pertain.

Respectfully Submitted,

HURWITZ LAW, PLLC

/s/ Brendan J. Childress
Noah Hurwitz (P74063)
Brendan J. Childress (P85638)
Attorneys for Plaintiffs
340 Beakes Street, Suite 125
Ann Arbor, MI 48103
(844) 487-9489
noah@hurwitzlaw.com

Dated: July 5, 2024

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the attorney(s) of record.

*/s/ Brendan J. Childress (P85638)*