# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KAREN ALBRIGHT, *et al*.,
on behalf of themselves and others similarly situated,

        Plaintiffs,

v.

ASCENSION MICHIGAN, *et al*.,

        Defendants.

Case No. 1-22-cv-00638-JMB-PJG

Hon: Jane M. Beckering
Mag. Judge Phillip J. Green

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiffs*
617 Detroit St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com
kara@hurwitzlaw.com

James A. Thomas (P80931)
JIMMY THOMAS LAW
*Attorneys for Plaintiffs*
1925 Breton Rd SE Ste 250
Grand Rapids, MI 49506
(616) 747-1188
jimmy@jimmythomaslaw.com

Maurice G. Jenkins (P33083)
Allan S. Rubin (P44420)
Elyse K. Culberson (P82132)
JACKSON LEWIS P.C.
*Attorneys for Defendants*
2000 Town Center, Ste. 1650
Southfield, MI 48075
(248) 936-1900
maurice.jenkins@jacksonlewis.com
allan.rubin@jacksonlewis.com
elyse.culberson@jacksonlewis.com

Patricia Pryor
Jackson Lewis P.C.
*Attorneys for Defendants*
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
(513) 898-0050
patricia.pryor@jacksonlewis.com

---

## DEFENDANTS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (ECF 160)

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .......................................................................................... iii

I.    INTRODUCTION ......................................................................................... 1

II.   PROCEDURAL BACKGROUND........................................................... 2

    A.    The Parties And The Class Desire This Settlement. ............................... 2

    B.    This Court Approved Settlement After Notice and a Fairness Hearing. ............... 3

    C.    The Sixth Circuit Vacated the Final Approval, Finding A Lack of Standing........ 3

    D.    The Fourth Amended Complaint Filed Cures Any Standing Issue. ...................... 4

III.  ARGUMENT ................................................................................................ 4

    A.    This Court Has Already Approved The Settlement Once, The Sixth Circuit
          Decision Does Not Change The Reasons Behind The Initial Approval. ................ 4

IV.   CONCLUSION.............................................................................................. 5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Beickert v. New York City Department of Education*,
  22-CV-5265(DLI)(VMS), 2023 U.S. Dist. LEXIS 170719 (E.D.N.Y. Sept. 25,
  2023) ..................................................................................................................2

*Bordeaux v. Lions Gate Ent., Inc.*,
  No. 2:22-cv-04244, 2023 U.S. Dist. LEXIS 209626 (C.D. Calif. Nov. 21,
  2023) ..................................................................................................................2

*Bushra v. Main Line Health, Inc.*,
  No. 23-1090, 2023 U.S. Dist. LEXIS 229965 (E.D. Pa. Dec. 28, 2023)...................................1

*Camp v. L.A. Arena Co., LLC*,
  No. EDCV 22-2220, 2024 U.S. Dist. LEXIS 71237 (C.D. Calif. April 18,
  2024) ..................................................................................................................2

*Fox v. Saginaw Cnty.*,
  67 F.4th 284 (6th Cir. 2023) ...........................................................................4

*Isaac v. Executive Office of Health and Human Services*,
  Case No. 22-11745-RGC, 2023 U.S. Dist. LEXIS 219788 (D. Mass. Dec. 11,
  2023) ..................................................................................................................1

*IUE-CWA v. General Motors Corp.*,
  238 F.R.D. 583 (E.D. Mich. 2006) ................................................................2

*MacDonald v. Or. Health & Sci. University*,
  No. 3:22-cv-01942, 2024 U.S. Dist. LEXIS 118542 (D. Or. July 5, 2024)..............................2

*Parks v. Montefiore Med. Ctr.*,
  No. 23-CV-4945, 2024 U.S. Dist. LEXIS 37391 (S.D.N.Y. March 4, 2024) ..........................2

*Petersen v. Snohomish Regional Fire and Rescue*,
  Case No C22-1674, 2024 U.S. Dist. LEXIS 13749 (W.D. Wash. Jan 25, 2024)....................2

*UAW v. General Motors Corp.*,
  497 F.3d 615 (6th Cir. 2007) ..........................................................................2

*Van Bronkhorst v. Safeco Corp.*,
  529 F.2d 943 (9th Cir. 1976) .......................................................................2, 3

## I.    **INTRODUCTION**

Defendants join Plaintiffs in seeking final approval of the class settlement that the parties reached over a year ago. This Court has already found the class settlement to be fair, reasonable, and adequate. (ECF 134, 138) The parties and the overwhelming number of class members support and request approval of this settlement. The intervening Sixth Circuit decision required only that standing be clarified with respect to some of the Defendants added by the Third Amended Complaint. Plaintiffs have added allegations to the Fourth Amended Complaint to clarify and establish standing with respect to the additional Defendants. (ECF 151) But even in the absence of these additional Defendants, the class members and settlement remain the same as that already approved by this Court as there was standing as to the parent company Ascension Health Alliance.[1]

As discussed last year, Plaintiffs' claims, stemming from the global pandemic, have significant risk of being dismissed, face lengthy and expensive litigation, and/or years of appeals. Indeed, prior to the settlement, Defendants had moved to dismiss this case. (ECF 38) Defendants have obtained dismissals in at least nine other cases in which similar claims were made. At the time of final approval last year approximately 150 cases alleging claims like those made in this case had been dismissed, in whole or in part, on the pleadings. (See examples in ECF 115, PageID.1435-1439) Since then numerous additional cases have been dismissed, and multiple courts have granted summary judgment finding undue hardship as a matter of law under similar circumstances (even in non-healthcare settings) amid the pandemic. *See e.g. Isaac v. Executive Office of Health and Human Services*, Case No. 22-11745-RGC, 2023 U.S. Dist. LEXIS 219788, n. 4 (D. Mass. Dec. 11, 2023) (granting summary judgment; courts across the country have found that higher risk of transmitting disease constitutes undue hardship); *Bushra v. Main Line Health,*

---

[1]  The Sixth Circuit concluded that injury was fairly traceable to Ascension Health Alliance and only found a lack of standing as to the other Defendants.  (ECF 144, PageID.2460)

*Inc.*, No. 23-1090, 2023 U.S. Dist. LEXIS 229965, *22 (E.D. Pa. Dec. 28, 2023) (granting motion for summary judgment on religious accommodation claim of ER doctor); *MacDonald v. Or. Health & Sci. University*, No. 3:22-cv-01942, 2024 U.S. Dist. LEXIS 118542, **39-40 (D. Or. July 5, 2024); *Petersen v. Snohomish Regional Fire and Rescue*, Case No C22-1674, 2024 U.S. Dist. LEXIS 13749 (W.D. Wash. Jan 25, 2024); *Bordeaux v. Lions Gate Ent., Inc.,* No. 2:22-cv-04244, 2023 U.S. Dist. LEXIS 209626, **34-35 (C.D. Calif. Nov. 21, 2023); *Beickert v. New York City Department of Education*, 22-CV-5265(DLI)(VMS), 2023 U.S. Dist. LEXIS 170719 (E.D.N.Y. Sept. 25, 2023); *Camp v. L.A. Arena Co., LLC*, No. EDCV 22-2220, 2024 U.S. Dist. LEXIS 71237, **15-17 (C.D. Calif. April 18, 2024); *Parks v. Montefiore Med. Ctr.,* No. 23-CV-4945, 2024 U.S. Dist. LEXIS 37391, **5-6 (S.D.N.Y. March 4, 2024).

The law favors the settlement of class action lawsuits. *UAW v. General Motors Corp.*, 497 F.3d 615, 632 (6th Cir. 2007) (noting "the federal policy favoring settlement of class actions"); *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 593 (E.D. Mich. 2006) (noting "the general federal policy favoring the settlement of class actions"); *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) (Settlement of class actions favored when substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation). Given the uncertainties of the litigation, the complexity of issues, the value of the settlement to class members, the strong support of the class, and the absence of meaningful objections to the settlement, the Court should approve the settlement, as it did before, as the settlement is "fair, reasonable, and adequate".

## II.    PROCEDURAL BACKGROUND

### A.    The Parties And The Class Desire This Settlement.

On April 24, 2023, the original parties to this action filed a Joint Motion for Preliminary Approval of the settlement. (ECF 60) There is no dispute that the Court had jurisdiction at that

time.[2]  This Court granted preliminary approval, and, in accordance with the Court's order, notice of the settlement was provided to class members, who were permitted to object or opt out from the settlement if they disagreed with the settlement. (ECF 63, 64)  2,703 class members submitted claims, confirming that the class, the individuals the agreement was designed to assist, found it fair, reasonable and adequate.

**B.    This Court Approved Settlement After Notice and a Fairness Hearing.**

This Court held a fairness hearing on October 5, 2023, after which the Court approved the settlement and concluded that it was "fair, reasonable, and adequate;" "negotiated at arms-length as a result of good faith negotiations by counsel who fairly and adequately represented the interest of the Class and Defendants;" and "was not the product of fraud or collusion." (ECF 138, PageID.2428)

**C.    The Sixth Circuit Vacated the Final Approval, Finding A Lack of Standing.**

Only 281 (6%) of the 4,642 individuals who received notice requested exclusion from the class and settlement. (ECF 115-3, PageID.1458) 121, or 43% of those who requested exclusion, had their own cases pending against one or more of the Defendants. Only nine individuals, less than 0.2 percent filed objections to the settlement; eight of those objectors were represented by attorney William Bock, who filed an appeal on behalf of the objectors. The Sixth Circuit declined to reach the merits of the final approval, and instead found only that the Court had not addressed standing over certain added defendants. (ECF 144, PageID.2460-2461) Even so, the Sixth Circuit determined that the alleged injury was fairly traceable to Ascension Health Alliance ("AHA") and, therefore, standing as to AHA is not disputed. (*Id.*)

---

[2]  The Sixth Circuit only found that the Court did not have jurisdiction over some of the Defendants added by the Third Amended Complaint. The Motion for Preliminary Approval was filed by the original Defendants and was granted by this Court before the Third Amended Complaint was filed. There is no dispute there was standing and jurisdiction as to all parties at that time.

**D.    The Fourth Amended Complaint Filed Cures Any Standing Issue.**

On July 5, 2024, Plaintiffs filed an Amended Complaint that clarifies the standing issue. The Amended Complaint adds additional plaintiffs and further explains the relationship with AHA. (ECF 151) The Sixth Circuit has recognized that adding plaintiffs may cure standing in similar circumstances. *See Fox v. Saginaw Cnty.*, 67 F.4th 284, 300 (6th Cir. 2023). Notably, the Sixth Circuit did not identify any other issue with the final order. *Compare id. at* 300-302 (Sixth Circuit similarly found a lack of standing, but also identified other issues on the merits).  Nor did the Sixth Circuit alter the settlement agreement reached by the parties or this Court's preliminary approval order, which was issued before any additional defendants were added, and there is no argument that this Court lacked jurisdiction or standing at the time.

**III.    ARGUMENT**

**A.    This Court Has Already Approved The Settlement Once, The Sixth Circuit Decision Does Not Change The Reasons Behind The Initial Approval.**

This Court, after notice to all potential class members, after 2,703 class members submitted claims and less than 0.2% of the class members (9 individuals) objected, after extensive briefing and after a fairness hearing, determined that the class settlement was "fair, reasonable, and adequate;" "negotiated at arms-length as a result of good faith negotiations by counsel who fairly and adequately represented the interest of the Class and Defendants;" and "was not the product of fraud or collusion."  (ECF 138, PageID.2428)

The Sixth Circuit's conclusion that there was not standing as to some of the added defendants, does not change the settlement, or the fairness of it. Plaintiffs have clarified and established standing with the Fourth Amended Complaint. Moreover, even absent the additional Defendants, this Court had jurisdiction over the original Defendants and AHA.  AHA is alleged to have instituted a vaccination policy and made decisions on exemptions, which Plaintiffs claim

4

injured them.  All other defendants are alleged to be owned by AHA.  All potential class members are under the AHA umbrella and claim to have been injured by it.  Notice was sent to all potential class members.  Even in the absence of the additional Defendants, the settlement and class is the same. Because all class members are alleged to have been injured by AHA's policy and would have the same claims against AHA regardless of the inclusion of the other defendants, even in the absence of the additional defendants, the class, class notice and opt out procedure would have been the same.

The asserted initial lack of standing as to some of the Defendants, does not affect the settlement or the fairness, adequacy or reasonableness of the settlement. None of the Court's reasons for approving the settlement last year have been changed by the Sixth Circuit decision. Now that standing has been clarified, Defendants request that this Court approve the settlement once again for the same reasons that it was previously approved.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, and all of those previously presented to the Court (ECF 115, 119) and the reasons the Court originally approved the Class Settlement (ECF 134, 138), Defendants request that this Court renew its Order, finally approving the Class Settlement and Certifying the Class.

<div style="margin-left:40%;">

Respectfully submitted,

</div>

Dated: July 23, 2024                      /s/ Allan S. Rubin
                                          MAURICE G. JENKINS (P33083)
                                          ALLAN S. RUBIN (P44420)
                                          ELYSE K. CULBERSON (P82132)
                                          JACKSON LEWIS P.C.
                                          2000 Town Center, Suite 1650
                                          Southfield, Michigan 48075
                                          Telephone: (248) 936-1900
                                          maurice.jenkins@jacksonlewis.com

allan.rubin@jacksonlewis.com
elyse.culberson@jacksonlewis.com

PATRICIA PRYOR
Jackson Lewis P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, Ohio 45202
Telephone: (513) 898-0050
patricia.pryor@jacksonlewis.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 23, 2024, he or his assistant did file this document using the CM/ECF system which will send notice of its filing to all counsel of record.

/s/ Allan S. Rubin
Allan S. Rubin (P44420)

4873-5629-4609, v. 2