UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN ALBRIGHT, *et al.*
on behalf of themselves and
others similarly situated,

    Plaintiffs,

v.

ASCENSION MICHIGAN, *et al.*,

    Defendants.

Case No. 1:22:cv-00638-JMB-SJB
Hon: Jane M. Beckering
Mag. Judge Salley J. Berens

## **DECLARATION OF TIMOTHY G. HARRINGTON**

I, Timothy G. Harrington, under penalties of perjury, affirm that the following statements are made on personal knowledge and are true to the best of my knowledge, information, and belief:

1.     I am over the age of twenty-one (21).

2.     I understand that the statements made in this declaration will be submitted to the Court in connection with the above-captioned case.

3.     I have broad experience in background investigations and the use of databases to discover information regarding an individual's employment history, prior places of employment, criminal record and other aspects of their private and professional lives.

4.     I have been an investigator since 1998, when I became employed with the New York City Police Department (NYPD). I was hired by the NYPD in 1988 and promoted to Detective in 1998.

5. While employed by the New York City Police Department I worked a variety of assignments both domestically and overseas.

6. I have investigated a broad array of subject matters from terrorism to homicides and petty crimes.

7. A true and accurate copy of my resume which identifies my investigative background and experience and my familiarity with relevant databases including the TLO database described in this Declaration is attached as **Attachment A**.

8. I was asked by counsel for the Objectors to the class action settlement in this case to use standard investigative techniques and perform basic database searches to seek to discover information about individuals recently added as Plaintiffs and/or Class Representatives in the Fourth Amended Complaint in this lawsuit.

9. To investigate available information regarding Plaintiffs and Class Representatives in the Fourth Amended Complaint I used a database known as "TLO" which is utilized by law enforcement and private investigators to assist in their investigations. TLO is a robust, valuable, and accurate resource which I have utilized for years, both as a law enforcement detective and as a private investigator.

10. The TLO database contains information from creditors such as banks, credit card companies, and auto finance companies, as well as personally identifying data such as a person's name, addresses (past and present), and date of birth.

11. The TLO database also includes information from public records such as past and present employment, associates and family members.

12. Public records may be derived from sources such as federal bankruptcy courts, advertising partners, collection agencies, credit reporting agencies, data brokers, financial technology companies, insurance carriers and marketing companies.

13. I regularly rely upon the data obtained through TLO searches to conduct investigations.

14. I regard the TLO database as the database resource best suited to the inquiries I undertook in this case as described below.

15. If the TLO database reports useful information and aspects of the information sought remains in question I will typically seek to verify the TLO information and fill in any gaps through personal interviews with the subject of the inquiry.

16. If working with an attorney on a case I will recommend that the attorney conduct discovery through interrogatories, requests for production of documents, and/or depositions, depending on the importance of the data.

17. For information that is not available in the TLO database I would recommend follow up such as through the methods described in the foregoing paragraphs.

18. I have never found significant errors in the TLO database after decades of regular use of this resource.

19. However, a limitation of the TLO database is that without personally identifying information such as a social security number and with only a name for an individual it is in many cases not possible to be certain that information reported for that individual is in fact information relevant to the same or similarly named subject of the search.

20. In this case that meant that I was unable to use the database to reliably investigate data for at least seventeen (17) class representatives identified in Paragraph 306 of the Fourth Amended Complaint, including: Amanda Brown, Amanda Marshall, Kimberly McNeil, Christopher Wilson, Jennifer Montgomery, Kathleen Nugent, Kaylynn Hart, Leah Wilson, Lindsay Ryan, Lori Bryant, Mackenzie Betts, Sarah Lyn Spencer, Sarah Reed, Scottie Adams, Steven Mathews, Virginia Meyers, and Wendy Moore. Their names were too common to obtain reliable search results.

21. As to the other individuals as to whom I report information below from a TLO search, I am confident to the standards in my field that the information is accurate and reliable.

22. As part of my review, I was also asked to review documents submitted by Plaintiffs concerning these individuals, including ECF 160, Page.ID.2860—61 (a chart introduced by Plaintiffs with the following description—"To ensure the standing issue was cured, Plaintiffs' Fourth Amended Complaint also names at least one Plaintiff for every named Defendant:"). I refer to this chart in the remainder of my Declaration as: *Plaintiffs' Chart of Defendants.*

23. I also reviewed ECF 180-1, PageID.3175 – PageID.3295, a compilation of declarations which Plaintiffs describe in their Reply in Support of Plaintiffs' Renewed Motion for Final Approval of Class Action Settlement, Attorneys' Fees, and Litigation Expenses, ECF 180, PageID.3170, as, "declarations from at least one class representative for every named Defendant[.]" I refer to these declarations in the remainder of my Declaration as: "*Plaintiffs' Declarations from Class Representatives.*"

### Lack of Clarity Regarding Defendants Against Which the Complaint is Brought

24. During my review, I noted discrepancies in the various lists that have been provided by the Plaintiffs regarding the identities of the Defendants in the Third and Fourth Amended Complaints.

25. For example, the Third Amended Complaint identifies forty-one (41) entities as Defendants in the caption of the Complaint but lists only twenty-five (25) entities as Defendants in the list of Defendants set forth at ¶¶ 194-195 of the Third Amended Complaint.

26. In contrast, the Fourth Amended Complaint identifies thirty-nine (39) entities as Defendants in the caption of the Complaint but lists only twenty-six (26) entities as Defendants in the list of Defendants set forth at ¶¶ 235-236 of the Fourth Amended Complaint.

27. In *Plaintiffs' Chart of Defendants* in which Plaintiffs claim to "name[] at least one plaintiff for every named Defendant," ECF No. 160, PageID.2860, only thirty-seven (37) Defendants are identified.

5

28. In *Plaintiffs' Declarations from Class Representatives* (submitted on September 15, 2024), Plaintiffs submitted thirty-nine (39) separate declarations, however, one of the declarations was from an individual who is not a Plaintiff in the case.

[intentionally blank to accommodate chart]

29. The following chart reflects the somewhat inconsistent declarations made by the Plaintiffs regarding the identity of the Defendants in the case:

| Entity | 3rd Amend Compl Caption | 3rd Amend Compl List ¶¶194-95 | 4th Amend Compl Caption | 4th Amend Compl List ¶¶235-36 | Chart of Defendants | Declarations of Class Reps |
|---|---|---|---|---|---|---|
| Ascension Borgess Allegan Hospital | yes | no[1] | yes | no | Gorniewicz | Russcher[2] |
| Ascension Borgess Hospital | yes | no | yes | no | Leggett | Dewaal |
| Ascension Borgess-Lee Hospital | yes | no | yes | no | Villalobos | Vilallobos |
| Ascension Borgess-Pipp Hospital | yes | no | yes | no | Howard | Kirsten |
| Ascension Brighton Center for Recovery | yes | no | yes | no | Marshall | Marshall |
| Ascension Care Management, LLC | yes | yes | yes | yes | Wilson | Wilson |
| Ascension Connect, LLC | yes | yes | yes | yes | Meyers | Meyers |
| Ascension Genesys Hospital | yes | no | yes | no | Yoder | Couturier |
| Ascension Health | yes | no | no | no | no | no |
| Ascension Health Alliance | yes | yes | yes | yes | All | Wilson |
| Ascension Health-IS, Inc. | yes | yes | yes | yes | Gerber | Woods |
| Ascension Health Ministry Service Center, LLC | yes | yes | yes | yes | Hart | Hart |
| Ascension Health Resource and Supply Management Group, LLC d/b/a The Resource Group | yes | yes | yes | yes | Whilhite | Whilhite |
| Ascension Health Senior Care d/b/a Ascension Living | yes | yes | yes | yes | Montgomery | Montgomery |
| Ascension Macomb-Oakland Hospital | yes | no | yes | no | Bryant | Bryant |
| Ascension Medical Group, LLC | yes | yes | yes | yes | Benward | Benward |
| Ascension Michigan | yes | yes | yes | yes | Edwards | McNeil |
| Ascension Providence | yes | no | yes | no | Mathews | Mathews |
| Ascension Providence Hospital | yes | no | yes | no | Carson | Carson |

---

[1] Where yellow highlighting is used the word "no" indicates that the Defendant listed in the "Entity" column has not been identified in the document or portion of the document noted. The last column lists whether a Declaration from a class representative has been provided for that particular Defendant.

[2] In ten (10) instances highlighted in the above chart in orange the individual who was identified as a newly added Plaintiff with a claim against a newly added Defendant in Plaintiff's Memorandum of Law in Support of Plaintiffs' Renewed Motion for Final Approval of Class Action Settlement, ECF 160, Page.ID.2860-61 was not the individual for whom Plaintiffs ultimately submitted a class representative declaration.

7

| Entity | 3rd Amend Compl Caption | 3rd Amend Compl List ¶¶194-95 | 4th Amend Compl Caption | 4th Amend Compl List ¶¶235-36 | Chart of Defendants | Declarations of Class Reps |
|---|---|---|---|---|---|---|
| Ascension Providence Rochester Hospital | yes | no | yes | no | Cronander | Betts |
| Ascension River District Hospital | yes | no | yes | no | Nugent | Nugent |
| Ascension Standish Hospital | yes | no | yes | no | Spencer | Spencer |
| Ascension St. John Hospital | yes | no | yes | no | Neuner | Locust |
| Ascension St. Joseph Hospital | yes | no | yes | no | Beran | Beran |
| Ascension St. Mary's Hospital | yes | no | yes | no | Andrews | Vermeesch |
| Ascension Texas | yes | yes | yes | yes | Stautzenberger | Hauck |
| Ascension Via Christi Health, Inc. | yes | yes | yes | yes | Hickey | No Pltf |
| Automated Benefit Services, Inc. | yes | yes | yes | yes | Burch | Burch |
| Columbia St. Mary's Inc. | yes | yes | yes | yes | Leja | Leja |
| Medxcel Facilities Management, LLC | yes | yes | yes | yes | Kopydlowski | Uselding |
| Ministry Health Care, Inc. | yes | yes | yes | yes | Stich | Stich |
| Our Lady of Lourdes Memorial Hospital, Inc. | yes | yes | yes | yes | Brown | Brown |
| Providence Hospital | yes | yes | yes | yes | Adams | Adams |
| Saint Thomas Health | yes | yes | yes | yes | Martin | Martin |
| St. Agnes Healthcare, Inc. | yes | yes | yes | yes | Chesil | Chesil |
| St. John Health System, Inc. | yes | yes | yes | yes | Beachy | Beachy |
| St. Vincent's Health System | yes | yes | yes | yes | Ryan | no |
| St. Vincent's Health System, Inc. | yes | yes | yes | yes | no | Reed |
| St. Vincent Health, Inc. | yes | yes | yes | yes | no | Moore |
| US Health and Life Insurance Company, Inc. | yes | yes | no | yes | no | no |
| Wheaton Franciscan Health Care – Southeast Wisconsin, Inc. | yes | yes | yes | yes | Gosh | Gosh |

30. Plaintiffs' counsel reported to the Court that they have submitted "declarations from at least one class representative for every named Defendant[.]" ECF 180, PageID.3170. However, as the above chart reflects, this statement is not accurate. Plaintiffs submitted no declarations from any class representative for the following Defendants:

    a. **U.S. Health and Life Insurance Company, Inc.** - U.S. Health and Life Insurance Company, Inc. is identified as a Defendant in paragraph 236 of the Fourth Amended Complaint and was likewise identified as a Defendant in paragraph 195 of the Third Amended Complaint, however, no declaration was submitted by any Plaintiff who claims to have been injured by U.S. Health and Life Insurance Company, Inc.

    b. **St. Vincent's Health System** - St. Vincent's Health System is identified as a Defendant in paragraph 236 of the Fourth Amended Complaint and was likewise identified as a Defendant in paragraph 195 of the Third Amended Complaint. St. Vincent's Health System was also identified as a Defendant on PageID.2860 of Plaintiff's Memorandum of Law in Support of Plaintiffs' Renewed Motion for Final Approval of Class Action Settlement, ECF 160. However, no declaration was submitted by any Plaintiff who claims to have been injured by St. Vincent's Health System.

    c. **Ascension Via Christi Health, Inc.** - Ascension Via Christi Health, Inc. is identified as a Defendant in paragraph 236 of the Fourth Amended Complaint and was likewise identified as a Defendant in paragraph 195 of the Third Amended Complaint, however, no declaration was submitted by any Plaintiff in the

case. Instead, Plaintiffs submitted a declaration from a Lisa Forgie who is not a Plaintiff in the case. See ECF 180-1, PageID.3290-92. Therefore, no declaration was submitted by any Plaintiff who claims to have been injured by Ascension Via Christi Health, Inc.

d. **Ascension Health** – Ascension Health was identified as a Defendant in the caption of the Third Amended Complaint; however, no declaration was submitted by any individual who claims to have been injured by Ascension Health.

31. In addition, declarations were not submitted for at least seven individuals who are specifically identified as class representatives in Paragraph 306 of the Fourth Amended Complaint, i.e., Emma Hickey, Gabrielle Ann Stautzenberger, Herman D. Locust, Jillian Martinez, Lindsay Ryan and Lori Gerber.

### Individuals Identified in *Plaintiffs' Chart of Defendants*

32. In comparing the Plaintiffs identified in *Plaintiffs' Chart of Defendants* to *Plaintiffs' Declarations from Class Representatives* (submitted to the Court on September 15, 2024), I observed that no declaration was submitted for the following 12 Plaintiffs identified in *Plaintiffs' Chart of Defendants*:

| **Defendant** | **Plaintiff (Fourth Amended Complaint ¶)** |
|---|---|
| Ascension Michigan | David Edwards, Grand Ledge, MI (¶ 42) |
| Ascension Via Christi | Emma Hickey, Wichita, KS (¶ 198) |

| | |
|---|---|
| Ascension Texas | Gabrielle Ann Stautzenberger, Austin, TX (¶ 199) |
| Ascension Health-IS, Inc. | Lori Gerber, Conway Springs, KS (¶ 231) |
| Medxcel Facilities Management, LLC | Jared Kopydlowski, Fenton, MI (¶ 84) |
| Ascension Borgess Allegan Hospital | Molly Gorniewicz, Grand Rapids, MI (¶ 56) |
| Ascension Borgess Hospital | Jenna Leggett, Kalamazoo, MI (¶ 92) |
| Ascension Borgess-Pipp Hospital | Thomas Howard, Kalamazoo, MI (¶ 64) |
| Ascension Genysis Hospital | Daniel Yoder, Owosso, MI (¶ 190) |
| Ascension Providence Rochester Hospital | Tabatha Cronander, Rochester, MI (¶ 36) |
| Ascension St. John Hospital | Anna Neuner, Macomb, MI (¶ 114) |
| Ascension St. Mary's Hospital | Sarah Andrews, Saginaw, MI (¶ 6) |

**Individuals Identified in *Plaintiffs' Declarations from Class Representatives***

33.     On September 15, 2024, Plaintiffs submitted *Plaintiffs' Declarations from Class Representatives*.

34.     After Objectors motion to conduct discovery was denied on October 2, 2024, I undertook to conduct thorough TLO database searches to uncover relevant information regarding the Class Representatives. As this search was relatively time consuming, I did not complete my search until October 8, 2024, and my declaration was not completed until October 9, 2024.

35.     In using the TLO database to investigate class representatives identified in *Plaintiffs' Declarations from Class Representatives*, I found that CARLETTE D. WOODS, who has provided a *Declaration* as a Class Representative from **Defendant Ascension Health IS, Inc.**, is reported by the TLO database to reside in Jacksonville, FL and to have been employed at ST VINCENT'S MEDICAL

11

CENTER from 10/03/2016 through 10/15/2016. I have been unable to find any information in the TLO database indicating that Ms. Woods was employed by any Ascension entity during the period from November 11, 2021, through March 1, 2022.

36. In using the TLO database to investigate class representatives identified in *Plaintiffs' Declarations from Class Representatives*, I found that ELIZABETH COUTURIER, who has provided a *Declaration* as a Class Representative from **Defendant Ascension Genesys Hospital**, is reported by the TLO database to have been employed at ASCENSION GENESYS HEALTH SYSTEM from 02/13/2017 through 11/11/2021. I have been unable to find any information in the TLO database indicating that Ms. Couturier was employed by any Ascension entity during the period from November 11, 2021, through March 1, 2022.

37. In using the TLO database to investigate class representatives identified in *Plaintiffs' Declarations from Class Representatives*, I found that BENJAMIN WHILHITE, who has provided a *Declaration* as a Class Representative from **Ascension Health Resource and Supply Management Group, LLC d/b/a The Resource Group**, does not have any links to the health care industry in the TLO database and the TLO database has no record of him being employed by an Ascension entity. Moreover, while the Fourth Amended Complaint identifies Mr. Whilhite as residing in Lexington, Kentucky, the TLO database identifies his residence as McMinnville, TN.

38. In using the TLO database to investigate class representatives identified in *Plaintiffs' Declarations from Class Representatives*, I found that HANIFAH BURCH, who has provided a *Declaration* as a Class Representative from **Automated Benefit Services, Inc.**, does not have any links to the health care industry in the TLO database and the TLO database has no record of her being employed by an Ascension entity.

39. In using the TLO database to investigate class representatives identified in *Plaintiffs' Declarations from Class Representatives*, I found that LUCY STICH, who has provided a *Declaration* as a Class Representative from **Ministry Health Care, Inc.**, does not have any links to the health care industry in the TLO database and the TLO database has no record of her being employed by an Ascension entity.

40. In using the TLO database to investigate class representatives identified in *Plaintiffs' Declarations from Class Representatives*, I found that HERMAN D. LOCUST, who has provided a *Declaration* as a Class Representative from **Defendant Ascension St. John Hospital**, is reported by the TLO database to have been employed at ST JOHNS HOSPITAL MEDICAL CENTER. I have been unable to find any information in the TLO database confirming that Mr. Locust was employed by any Ascension entity during the period from November 11, 2021, through March 1, 2022. LOCUST is a Registered Nurse.

41. In using the TLO database to investigate class representatives identified in *Plaintiffs' Declarations from Class Representatives*, I found that LEAH

LEJA, who has provided a *Declaration* as a Class Representative from **Columbia St. Mary's Inc.**, is identified as a nurse in the TLO database, however, the TLO database has no record of her being employed by an Ascension entity. I have been unable to find any information in the TLO database confirming that Ms. Leja was employed by any Ascension entity during the period from November 11, 2021, through March 1, 2022.

42. In using the TLO database to investigate class representatives identified in *Plaintiffs' Declarations from Class Representatives*, I found that MARJALIZE KIRSTEN, who has provided a *Declaration* as a Class Representative from **Ascension Borgess-Pipp Hospital**, is identified as a therapist in the TLO database and the TLO database has no record of her being employed by an Ascension entity. I have been unable to find any information in the TLO database confirming that Ms. Kirsten was employed by any Ascension entity during the period from November 11, 2021, through March 1, 2022.

43. In using the TLO database to investigate class representatives identified in *Plaintiffs' Declarations from Class Representatives*, I have not found that MORIAH MEE-LIN MARTIN, who has provided a *Declaration* as a Class Representative from **Saint Thomas Health**, is identified in the TLO database and therefore I have been unable to find any record of her being employed by an Ascension entity, nor can I identify any information confirming that Ms. Martin was employed by any Ascension entity during the period from November 11, 2021, through March 1, 2022.

44.     In using the TLO database to investigate class representatives identified in *Plaintiffs' Declarations from Class Representatives*, I found that PORSCHE CARSON, who has provided a *Declaration* as a Class Representative from **Ascension Providence Hospital**, is identified as having been employed at ASCENSION HEALTH-PROVIDENCE HOSP from July 20, 2015, through December 8, 2018. (Specifically, the TLO database identifies employment at PROVIDENCE HOSP from July 20, 2015 to December 8, 2018, and ASCENSION HEALTH on September 21, 2018.) The TLO database has no record of her being employed by an Ascension entity during the period from November 11, 2021, through March 1, 2022.

45.     In using the TLO database to investigate class representatives identified in *Plaintiffs' Declarations from Class Representatives*, I have not found that RANDALL GOSH, who has provided a *Declaration* as a Class Representative from **Wheaton Franciscan Health Care – Southeast Wisconsin, Inc.**, is not identified in the TLO database and therefore I have been unable to find any record of him being employed by an Ascension entity, nor can I identify any information confirming that Mr. Gosh was employed by any Ascension entity during the period from November 11, 2021, through March 1, 2022.

46.     In using the TLO database to investigate class representatives identified in *Plaintiffs' Declarations from Class Representatives*, I found that SANTANA VERMEESCH, who has provided a *Declaration* as a Class Representative from **Ascension St. Mary's Hospital**, is identified with a full

15

name of SANTANA MARIE VERMEESCH HUTCHINSON in the TLO database, however, the TLO database has no record of her being employed by an Ascension entity and I have been unable to find any information in the TLO database confirming that Ms. Vermeesch was employed by any Ascension entity during the period from November 11, 2021, through March 1, 2022.

47. In using the TLO database to investigate class representatives identified in *Plaintiffs' Declarations from Class Representatives*, I found that TIFFANY BERAN, who has provided a *Declaration* as a Class Representative from **Ascension St. Joseph Hospital**, is identified with a full name of TIFFANY RAE SHERIDAN in the TLO database, which also identifies her as having been employed at ASCENSION ST. JOSEPH HOSPITAL, however, I have been unable to find any information in the TLO database confirming that Ms. Beran was employed by Ascension St. Joseph Hospital during the period from November 11, 2021, through March 1, 2022.

48. In using the TLO database to investigate class representatives identified in *Plaintiffs' Declarations from Class Representatives*, I found that WAYNE BEACHY, who has provided a *Declaration* as a Class Representative from **St. John Health System, Inc.**, is identified with a full name of TYLER WAYNE BEACHY in the TLO database, which also identifies Mr. Beachy as a licensed pilot, however, the TLO database has no record of him being employed in the healthcare industry or by an Ascension entity and I have been unable to find any information

in the TLO database confirming that Mr. Beachy was employed by any Ascension entity during the period from November 11, 2021, through March 1, 2022.

49. In using the TLO database to investigate class representatives identified in *Plaintiffs' Declarations from Class Representatives*, I found that ZABRINA VILLALOBOS, who has provided a *Declaration* as a Class Representative from **Ascension Borgess-Lee Hospital**, is identified with a full name of ZABRINA LOLLY PERRIN in the TLO database which also identifies her as having been employed at ASCENSION MEDICAL GROUP, however, I have been unable to find any information in the TLO database confirming that Ms. Villalobos was employed by Ascension Borgess-Lee Hospital during the period from November 11, 2021, through March 1, 2022.

50. In using the TLO database to investigate class representatives identified in *Plaintiffs' Declarations from Class Representatives*, I found that CONAN HAUCK, who has provided a *Declaration* as a Class Representative from **Ascension Texas**, is identified with a full name of CONAN RICHARD HAUCK in the TLO database, however, the TLO database has no record of him being employed in the healthcare industry or by an Ascension entity and I have been unable to find any information in the TLO database confirming that Mr. Hauck was employed by any Ascension entity during the period from November 11, 2021, through March 1, 2022.

51.     Finally, I found that a declaration was submitted by Plaintiffs for a Lisa Forgie who is alleged to have been employed at Ascension Via Christi Health, Inc. in Kansas.

52.     However, Ms. Forgie is not a named Plaintiff or Class Representative in the Fourth Amended Complaint.

Pursuant to 28 U.S.C. § 1746, I swear or affirm under penalties of perjury that the foregoing statements are true to the best of my knowledge, information, and belief.

Dated this 9th day of October 2024.

Timothy G Harrington

Timothy G. Harrington

**Signature:** *Timothy G. Harrington*
Timothy G. Harrington (Oct 9, 2024 09:51 EDT)

**Email:** tim3363@gmail.com

18

# Declaration of Tim Harrington

Final Audit Report                                                                                     2024-10-09

| | |
|---|---|
| Created: | 2024-10-09 |
| By: | Justin Olson (jolson@kgrlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAeL3FqSmaDb8N7h-cad6KsgA1mUSpL6jJ |

## "Declaration of Tim Harrington" History

- Document created by Justin Olson (jolson@kgrlaw.com)
  2024-10-09 - 1:35:47 PM GMT

- Document emailed to Timothy G. Harrington (tim3363@gmail.com) for signature
  2024-10-09 - 1:35:52 PM GMT

- Email viewed by Timothy G. Harrington (tim3363@gmail.com)
  2024-10-09 - 1:46:22 PM GMT

- Document e-signed by Timothy G. Harrington (tim3363@gmail.com)
  Signature Date: 2024-10-09 - 1:51:10 PM GMT - Time Source: server

- Agreement completed.
  2024-10-09 - 1:51:10 PM GMT

Adobe Acrobat Sign