# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KAREN ALBRIGHT, et al,
on behalf of themselves and others
similarly situated,

           Plaintiffs,

v.

ASCENSION MICHIGAN, et al,

           Defendants.

Case No. 1-22-cv-00638-JMB-SJB

Hon: Jane M. Beckering

---

| | |
|---|---|
| Noah S. Hurwitz (P74063) | Maurice G. Jenkins (P33083) |
| Grant M. Vlahopoulos (P85633) | Allan S. Rubin (P44420) |
| Kara F. Krause (P85487) | Elyse K. Culberson (P82132) |
| Brendan J. Childress (P85638) | JACKSON LEWIS P.C. |
| HURWITZ LAW PLLC | 2000 Town Center, Ste. 1650 |
| *Attorneys for Plaintiffs* | Southfield, MI 48075 |
| 340 Beakes St., Ste. 125 | (248) 936-1900 |
| Ann Arbor, MI  48104 | Maurice.jenkins@jacksonlewis.com |
| (844) 487-9489 | Allan.rubin@jacksonlewis.com |
| Noah@hurwitzlaw.com | Elyse.culberson@jacksonlewis.com |
| Grant@hurwitzlaw.com | Attorneys for Defendants |
| Kara@hurwitzlaw.com | |
| Brendan@hurwitzlaw.com | Patricia Pryor |
| | JACKSON LEWIS P.C. |
| James A. Thomas (P80931) | 201 E. Fifth Street, 26th Floor |
| JIMMY THOMAS LAW | Cincinnati, OH 45202 |
| Attorneys for Plaintiffs | (513) 898-0050 |
| 1925 Breton Rd. SE, Ste. 250 | Patricia.pryor@jacksonlewis.com |
| Grand Rapids, MI 49506 | |
| (616) 747-1188 | |
| jimmy@jimmythomaslaw.com | |

---

## FINAL ORDER AND JUDGMENT

     This matter having come before the Court on Plaintiffs' Renewed Motion for Final
Approval of Class Action Settlement, Attorneys' Fees, and Litigation Expenses (ECF No. 160);
the Court having previously preliminarily approved a class action settlement and a settlement class
under Rule 23(e) of the Federal Rules of Civil Procedure (ECF No. 60), the Court having directed

the notice to class members, the Court having considered the briefing and arguments of the parties and objectors and having scheduled and conducted a final approval and fairness hearing on October 9, 2024 after which the Court granted final approval of the settlement as evidenced by the Court's entry of an order dated October 9, 2024 [ECF No. 192], and the Court being otherwise fully advised in the premise:

IT IS HEREBY ORDERED for the reasons set forth on the record on October 9, 2024 (ECF 192) and consistent with the Sixth Circuit Court of Appeals decision in Case No. 23-1996/2019, captioned *Albright et al. v. Ascension Michigan et al*., that the Court has carefully and independently determined that subject matter jurisdiction and standing exist after considering the briefs and all filings of the Parties and Objectors, the oral arguments of the Parties and Objectors and the Court's own independent review and analysis; that this Court has always had standing as to the Plaintiffs and all of the Class Members because the Third Amended Complaint alleged that all Plaintiffs and all Class Members suffered an injury-in-fact that was traceable to Ascension Health Alliance and that was likely redressable by the Court; that with the filing of the Fourth Amended Complaint (which the Parties have agreed is to be substituted for the Third Amended Complaint) this Court also has jurisdiction and standing with respect to all of the named Defendants in the Fourth Amended Complaint because Plaintiffs have named at least one Plaintiff who has alleged to have suffered an injury-in-fact that is fairly traceable to each named Defendant that is likely redressable by the Court through the award of damages; thus, the Court finds that it has subject-matter jurisdiction over the claims and parties in this case and that it has subject matter jurisdiction to consider and approve the settlement of this action.

IT IS FURTHER ORDERED that the Fourth Amended Complaint is hereby substituted for the Third Amended Complaint for all purposes. All references in the Settlement Agreement

referring to the Third Amended Complaint shall be deemed to refer to the Fourth Amended Complaint.

**IT IS FURTHER ORDERED** that the Settlement Agreement (ECF No. 60-1) is granted final approval, the Court having concluded, after review of the Settlement Agreement, briefing, and argument of the parties and objectors that the settlement is fair, reasonable, and adequate; that the settlement was negotiated at arms-length as a result of good faith negotiations by counsel who fairly and adequately represented the interest of the Class and Defendants; that the settlement was not the product of fraud or collusion; and that all requirements for approval of the settlement under Fed. R. Civ. P. 23 have been met for the reasons set forth on the record on October 9, 2024. (ECF 135, PageIDs.2399-2414), including the requirements in *Int'l Union, UAW v. Gen. Motors Corp.,* 497 F.3d 615, 630 (6th Cir.2007) (ECF 192, Order, Oct. 9, 2024). All terms of the Settlement Agreement (ECF No. 60-1) not inconsistent with the Order and Judgment are incorporated and made part of this Order and Judgment.

**IT IS FURTHER ORDERED** that because due, adequate, and the best practicable notice has previously been disseminated to the Class Members and they have had an opportunity to exclude themselves from the Settlement or object to its terms, that the Court has jurisdiction over the Class Members and the Settlement Class. The Court further finds that venue in this judicial district is proper and appropriate.

**IT IS FURTHER ORDERED** and the Court finds that the method and manner of dissemination of Class Notice (1) was the best practicable notice to Class Members; (2) was reasonably calculated to apprise Class Members of the pendency of this Action and of the ability of the Class Members to object, participate in the Fairness Hearing, exclude themselves, submit a claim, or otherwise participate in the Settlement; (3) constituted due, adequate, and sufficient

notice to all persons entitled to receive notice; and (4) met all requirements of the Federal Rules of Civil Procedure, 28 U.S.C. §1714,  the Due Process Clause of the United States Constitution, and any other applicable law or procedure.

**IT IS FURTHER ORDERED** and the Court finds that the Defendants have fully complied with the requirements of the Class Action Fairness Act regarding service of a proposed notice of settlement as required 28 U.S.C. § 1715(b) ("CAFA") by having timely served notice of the Settlement Agreement and all information and documents required by the CAFA on the appropriate federal and state officials as defined in CAFA.

**IT IS FURTHER ORDERED** that the terms used in this Order shall have the identical meaning as defined in the Settlement Agreement (ECF No. 60-1), unless otherwise defined herein.

**IT IS FURTHER ORDERED** that all Objections to the settlement filed by the objectors are overruled for the reasons set forth on the record on October 9, 2024 (ECF No. 192).

**IT IS FURTHER ORDERED** that the Court finds:

i.   The Class is ascertainable and so numerous as to make it impracticable to join all Class Members.

ii.  There are common questions of law and fact including, but not limited to, whether Defendants complied with applicable laws affecting Plaintiffs and the other Class Members regarding religious discrimination, accommodation, and retaliation.

iii. Plaintiffs' claims are typical of the claims of the members of the Class.

iv.  Plaintiffs will fairly and adequately protect the interests of the Class, and that Class Counsel fairly and adequately protect the interests of the Class and that they should be appointed as such.

v.   The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct.

vi.  That questions of law and fact common to the members of the Class predominate over any questions affecting any individual member in such Class, and a class action is superior to other available means for the fair and efficient adjudication of

the controversy.

**IT IS FURTHER ORDERED** that the following Settlement Class is certified and granted final approval:

> All Ascension Associates for whom all of the following apply: (a) the Associate applied for a religious exemption to the COVID-19 Vaccination Policy and has a sincerely held religious belief that conflicted with the COVID-19 Vaccination Policy; and (b) the Associate was denied the requested religious exemption, and (c) the Associate either (i) was suspended or otherwise removed from employment by Ascension in November 2021 or (ii) claims they were forced to leave their employment with Ascension before February 28, 2022, after and as a result of their denied religious exemption to the COVID 19-Vaccination Policy.

For purposes of this Order all persons who fall within the above class definition are referred to as "Class Members."

**IT IS FURTHER ORDERED** that any Class Member who has not timely excluded themselves from the settlement is a "Settlement Class Member." Class Members who requested exclusion are contained on the Exclusion List submitted by the Claims Administrator (ECF 117-5, PageIDs.1748-1753). Any Class Member whose name does not appear on the Exclusion List is a "Settlement Class Member."

**IT IS FURTHER ORDERED** that Noah Hurwitz, Grant M Vlahopoulos, and Kara F. Krause of the law firm Hurwitz Law, PLLC and James A Thomas of the law firm Jimmy Thomas Law are hereby appointed Class Counsel for the Settlement Class.

**IT IS FURTHER ORDERED** that Rust Consulting, Inc. ("Rust") is hereby appointed the Claims Administrator.

**IT IS FURTHER ORDERED** that Lynn Morrison, Laurie O'Meara, Jennifer Seals, Dr. Thomas Howard, Christopher Wilson, Kimberly McNeil, Amanda Brown, Amanda Marshall,

Benjamin Willhite, Carlette D. Woods, Elizabeth Couturier, Hanifah Burch, Herman D. Locust, Jackie DeWaal, Jennifer Montgomery, Kaitlyn Russcher, Kathleen Nugent, Kaylynn Hart, Kenya Benward, Kyle Uselding, Latoya Chesil, Leaj Leja, Leah Wilson, Lindsay Ryan, Lori Bryant, Lucy Stich, Mackenzie Betts, Marjalize Kirsten, Moriah Mee-Lin Martin, Porsche Carson, Randall Gosh, Santana Vermeesch, Sarah Lyn Spencer, Sarah Reed, Scottie Adams, Steven Mathews, Tiffany Beran, Virginia Meyers, Wayne Beachy, Wendy Moore, Zabrina Villalobos, Conan Hauck, Andrew Mahnkeh, Emma Hickey, Gabrielle Ann Stautzenberger, Jillian Martinez, Lori Gerber and Lisa Forgie are appointed Class Representatives the Court having concluded that the Class Representatives will fairly and adequately represent the interest of the Settlement Class. The Class Representatives shall not receive any incentive payment because of this settlement.

**IT IS FURTHER ORDERED** that Class Counsel be awarded attorney fees and costs equal to the value of one-third of the Total Settlement Fund, after the deduction of the cost of claims administration as set forth in this Court's prior Order dated October 6, 2023 (ECF 134). Rust's fees and cost to date in the amount of $54,171.27 are hereby approved. The Claims Administrator shall be entitled to payment of further costs and fees as reasonably approved by Class Counsel. The attorney fees and costs and the cost of claims administration are awarded out of the Total Settlement Fund as calculated under the terms of the Settlement Agreement.  Upon payment of the Total Settlement Fund by Ascension to the Claims Administrator, Ascension shall have no further liability to pay amounts to any person, attorney, or law firm for attorneys' fees or costs in this Action on behalf of Plaintiffs and/or any Settlement Class Member, and shall relieve Ascension from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Plaintiffs or any Settlement Class Member.

**IT IS FURTHER ORDERED** that the Claims Administrator shall adjudicate, calculate, and pay Settlement Payments to Class Members, Attorney Fees and Costs, and the Cost of Settlement Administration in the manner called for under the Settlement Agreement after the Effective Date. (ECF 60-1). All parties shall cooperate with the Claims Administrator in the adjudication and payment of the Settlement Payments called by the Settlement Agreement. The parties are directed to take all steps necessary and appropriate to consummate the Settlement Agreement according to its terms.

**IT IS FURTHER ORDERED** that all Settlement Class Members have:

Fully and finally released and discharged (i) Ascension; (ii) Ascension Health Alliance; (iii) all Defendants in Case No. 1-22-cv-00638-JMB-SJB in the United States District Court for the Eastern District of Michigan; (iv) all related or affiliated entities to any of the foregoing that adopted the Ascension Health Alliance, or a substantially similar, COVID-19 Vaccination Policy; (v) the respective past, present and future parents, subsidiaries, joint ventures, insurers, related entities and affiliates of any of the foregoing; (vi) the past, present and future shareholders, directors, officers, members, managers, agents, employees, attorneys, insurers, predecessors, successors and assigns of any of the foregoing; and (vii) any individual or entity which could be jointly liable with any of the foregoing (the "Released Parties") of and from any and all claims, causes of actions, liabilities relating in any way to the adoption, implementation, or application of Ascension's COVID-19 Vaccination Policy, or any other vaccination policy enforced in 2021 or 2022 by Ascension, whether known or unknown, actual or imagined, and/or which arose out of or could have arisen out of the facts alleged in this action, including, but not limited to, any claims under any federal, state, or local law relating to COVID-19 or the COVID-19 vaccine, religious discrimination or accommodation, pregnancy discrimination or accommodation, disability

discrimination or accommodation, retaliation, wage or benefit statutes, tort, contract, or other claims in any form or format whatsoever, including any provision for the payment of fines, costs, penalties, punitive, compensatory, liquidated, exemplary, or exculpatory damages, attorney fees or costs from the beginning of time to the Effective Date (the "Released Claims").

For purposes of this Order, the term "Ascension" has the identical meaning as contained in Article II(b) of the Settlement Agreement (ECF 60-1, PageID.469). The Release granted the Released Parties is binding on Settlement Class Members as well as their present and future heirs, successors, assignees, attorneys, agents, executors, and successors, and shall have res judicata and/or preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any Settlement Class Member.

**IT IS FURTHER ORDERED** that the parties shall comply with all terms of the Settlement Agreement (ECF 60-1), even if that term is not expressly mentioned in this Order. Nor shall anything in this Final Order prohibit the parties, without further approval from the Court to agree to and adopt by amendment, modification, and expansion of the Settlement terms that are not inconsistent with the terms of this Order to ensure the timely and just administration of the Settlement, provided, however, that such amendments, modifications, and/or expansions do not limit the rights of the parties or Settlement Class Members and are not inconsistent with this Order.

**IT IS FURTHER ORDERED** that nothing in the Settlement Agreement, Final Approval Order, consummation of the Settlement or otherwise shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Ascension or any Released Party.

**IT IS FURTHER ORDERED** that Settlement Class Members and those persons acting in concert with them be and are permanently enjoined from commencing, continuing, intervening, participating (as class members or otherwise) or prosecuting in any other action, suit, proceeding,

claim, arbitration, administrative or regulatory proceeding, or pursuing any cause of action in any court (state or federal) or before any tribunal based on any of the claims at issue in this matter. This injunction is a permanent injunction, necessary and appropriate in aid of this Court's continuing jurisdiction and authority over this action and is entered under 28 U.S.C. §§1651(a) and 2283.

**IT IS FURTHER ORDERED** that the Court shall retain continuing jurisdiction over the Action, the Parties and the Class, and the administration, enforcement, and interpretation of the Settlement, including to (1) enforce the terms and conditions of the Settlement Agreement and resolve any dispute, claim or causes of action that arise in whole or in part out of, or related to, the Settlement Agreement, or this Order, including the determination of whether any person is a Settlement Class Member, is bound by this final order, and/or is enjoined from pursuing any Released Claim against Ascension or any Released Party; or (2) enter any order as may be necessary or appropriate to protect or effectuate the Final Order and Judgment, including the Settlement, the fair administration of the this Settlement, or the Releases granted Ascension under this Settlement and Final Order, or to enjoin or enforce the injunction granted under this Final Order against persons or entities from pursuing any Released Claims. Any unresolved disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court.

**IT IS FURTHER ORDERED** that this case be and is dismissed with prejudice and without costs or fees, except as approved in this Order.

This is a Final Order and Judgment. The Clerk shall enter this Order as the Final Order and Judgment in the case and is directed to close the case.

**IT IS SO ORDERED**.


Dated: _____, 2024    _____
United States District Court Judge

So Stipulated:

*/s/  Noah S. Hurwitz*

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
Kara F. Krause (P85487)
Brendan J. Childress (P85638)
HURWITZ LAW PLLC
*Attorneys for Plaintiffs*
340 Beakes St., Ste. 125
Ann Arbor, MI  48104
(844) 487-9489
Noah@hurwitzlaw.com
Grant@hurwitzlaw.com
Kara@hurwitzlaw.com
Brendan@hurwitzlaw.com

James A. Thomas (P80931)
JIMMY THOMAS LAW
Attorneys for Plaintiffs
1925 Breton Rd. SE, Ste. 250
Grand Rapids, MI 49506
(616) 747-1188
jimmy@jimmythomaslaw.com

*/s/ Patricia Pryor*

Maurice G. Jenkins (P33083)
Allan S. Rubin (P44420)
Elyse K. Culberson (P82132)
JACKSON LEWIS P.C.
2000 Town Center, Ste. 1650
Southfield, MI 48075
(248) 936-1900
Maurice.jenkins@jacksonlewis.com
Allan.rubn@jacksonlewis.com
Elyse.culberson@jacksonlewis.com
Attorneys for Defendants

Patricia Pryor
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
(513) 898-0050
Patricia.pryor@jacksonlewis.com